### STATE v. HARRISON MICKEY.

(Filed 28 January, 1935.)

1. **Criminal Law I g—Instruction in this case is held for error in not conforming to averments of indictment.**

    The indictment charged defendant with unlawfully conspiring with M. and G., without words indicating conspirators other than those named. The trial court charged the jury that defendant would be guilty if he conspired as charged with M. and G., "or with others": *Held,* the charge was erroneous in that it went beyond the averments of the indictment, upon which defendant was entitled to rely for information of the accusation against him.

2. **Criminal Law L e—Error in charge held not cured by contextual construction nor was the error harmless in the light of the evidence.**

    The court erroneously instructed the jury that defendant would be guilty if he unlawfully conspired with named conspirators, "or with others," when the indictment charged unlawful conspiracy with those named in the charge without words indicating others: *Held,* the error in the charge is not cured by construing the charge contextually as a whole, since it appears that the erroneous portion is in accord with the theory of the charge as a whole, nor was the error rendered harmless when considered in the light of the evidence upon the trial, since there was evidence introduced tending to show that defendant entered into the unlawful conspiracy with persons not named in the indictment.

APPEAL from *Clement, J.,* at June Term, 1934, of GUILFORD. New trial.

The bill of indictment upon which the defendant was tried and convicted is as follows:

"State of North Carolina—Guilford County.
　　　Superior Court—June Term, A.D. 1934.

"The Jurors for the State Upon Their Oath Present, That Harrison Mickey, late of the County of Guilford, on the 20th day of April, in the year of our Lord one thousand nine hundred and thirty-four, with force

and arms, at and in the county aforesaid, unlawfully, wilfully, maliciously, and feloniously did secretly conspire and confederate with Robert H. Murphy and Howard Griffin to kill and murder one W. W. Dick and in carrying out said conspiracy and confederation to kill and murder said W. W. Dick, did unlawfully, wilfully, and maliciously and feloniously contract to pay Howard Griffin the sum of $6,000.00 and Robert H. Murphy the sum of $3,000.00, after W. W. Dick had been killed, and did come to Greensboro, N. C., with Robert H. Murphy and Howard Griffin, unlawfully, wilfully, and feloniously in furtherance of the aforesaid conspiracy and confederation to show or point out the said W. W. Dick to the said Robert H. Murphy and Howard Griffin, and did point out and show to the said Robert H. Murphy and Howard Griffin the place of business and residence of the said W. W. Dick, against the form of the statute in such case made and provided and against the peace and dignity of the State.   H. L. KOONTZ, *Solicitor.*"

From judgment pronounced on the verdict, the defendant appealed to the Supreme Court, assigning errors.

*John J. Ingle for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

SCHENCK, J.   The basis of one of the defendant's exceptive assignments of error is the following extract from the court's charge: "The burden is on the State to satisfy you beyond a reasonable doubt that this defendant is guilty of agreeing together with Griffin or Murphy, or both of them, or others to do an unlawful thing, to wit, kill W. W. Dick, before this defendant would be guilty of violating the law."

In view of the fact that the indictment charges *nominatim* the alleged conspirators and is not *cum multis aliis,* we are constrained to hold that his Honor erred in charging the jury in effect that if they should find beyond a reasonable doubt that the defendant conspired with Robert H. Murphy and Howard Griffin, or both of them, *or others,* to kill W. W. Dick, he would be guilty.   The bill of indictment nowhere contains the words "others" or "another," or any other word or phrase indicating a charge against the defendant of conspiring with any other person or persons than Murphy and Griffin.   The charge of his Honor virtually puts the defendant upon trial for an additional offense to that named in the bill, namely, conspiring with others than Murphy and Griffin. Upon the principle that "in all criminal prosecutions every man has the right to be informed of the accusation against him" (N. C. Const., Art. I, sec. 11), it oftentimes becomes necessary to set out the names of third parties, or at least indicate that there are such third parties, when

20—207

such parties are necessary for the consummation of the offense, or constitute a necessary part of the description of the offense. 14 R. C. L., 183..

We have examined the charge with the view of ascertaining whether, when considered contextually as a whole and not disconnectedly, the portion assailed by the defendant's exception is explained and cured, and have reached a contrary conclusion. For instance, in declaring and explaining the law his Honor used the following language: "Now, if you find beyond a reasonable doubt, gentlemen, that there was an agreement by this defendant and Griffin or Murphy, or both of them, that he was to pay him to kill Dick, then that would be unlawful, that would be a violation of the criminal law, because if he and anyone else, or any number of others, entered into an unlawful agreement to kill Dick, or to kill anybody else, that is, they agreed to do it, then they would be violating the law at that time, and it would make no difference whether they carried that plan out or not"; and, in setting forth the contentions of the defendant, told the jury: "The State contends from this testimony that you should be satisfied beyond a reasonable doubt that this defendant is guilty of conspiring together with Murphy, Griffin, and others to kill W. W. Dick." It would therefore appear that the portion assailed was in accord with the theory of the charge as a whole, and leads us to believe that his Honor was not advertent to the fact that the bill of indictment was limited to the defendant and Murphy and Griffin.

It is argued in the brief that this error of his Honor is harmless in that there was no evidence of any conspiracy with anyone other than Murphy and Griffin. This argument might avail if we could agree that there is no evidence upon which the jury might have found that the defendant conspired with others than Murphy and Griffin. An affidavit by the witness Robert H. Murphy contains the following: "Mickey told Howard Griffin if he did not do it he would have to get somebody else." An affidavit by Howard Griffin contains the following: "Mr. Mickey told me that he had given another man $20.00 to buy a gun to do this job, but that he had backed out," and again: "Mr. Mickey told me that if I did not hurry up and do the job that he was going to have to get somebody else, as the man who held the policy was pushing him for action." These affidavits, admitted in evidence over the objection of the defendant, tend to show a conspiracy, or at least a prospective conspiracy, between the defendant and some other person than Murphy and Griffin to kill W. W. Dick. They also tend to show that a conspiracy to kill W. W. Dick had existed between the defendant and "another man" to whom he had given "$20.00 to buy a pistol to do this job." They also further tend to show that a conspiracy to kill W. W. Dick existed between the defendant and "the man who held the policy."

In the light of this evidence, we think it was prejudicial to the defendant for the judge to have charged the jury in effect that they could convict him of conspiring with "others" when the bill of indictment charged the alleged conspirators by name and contained no words indicating others. This holding is in accord with *S. v. Diggs,* 181 N. C., 550.

There are other interesting questions raised in the record, but since the case goes back for a new trial we can see no good reason for commenting further upon them.

New trial.