STATE OF NORTH CAROLINA v. LORETTA CONNARD GRIFFIN

No. 9310SC72

(Filed 7 December 1993)

**Conspiracy § 21 (NCI4th) — conspiracy to provide inmate with controlled substance — four counts — one ongoing conspiracy**

The State's evidence in a prosecution for four counts of conspiring to provide an inmate with controlled substances showed only one ongoing conspiracy to deliver drugs to the women's prison and the court erred in submitting more than one count of conspiracy to the jury where the offenses transpired over a short period of time, the participants in the conspiracies for which defendant was indicted remain the same, the indictments all aver the same objective, delivering controlled substances to a particular inmate, and the State presented no evidence concerning the number of meetings which took place between defendant and the other participants. Although the State argued that four conspiracies existed because the offenses occurred one to two weeks apart and because the participants were different, a single conspiracy is not transformed into multiple conspiracies simply because its members vary occasionally and the same acts in furtherance of it occur over a period of time.

**Am Jur 2d, Conspiracy § 11.**

Appeal by defendant from judgment entered 5 May 1992 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 5 October 1993.

On 19 August 1991, a Wake County grand jury indicted defendant on eight counts of conspiracy to provide an inmate with a

controlled substance and four counts of soliciting to provide an inmate with a controlled substance, all in violation of N.C. Gen. Stat. § 14-258.1(a) (Supp. 1992). Following a four day trial from 24 March though 30 March 1992, a jury found defendant guilty of four counts of conspiracy and three counts of solicitation. At a later sentencing hearing, the trial court consolidated for judgment all conspiracy convictions and for a second judgment, all solicitation convictions. From imposition of active sentences, defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General V. Lori Fuller, for the State.*

*Bailey & Dixon, by Alan J. Miles, for defendant-appellant.*

McCRODDEN, Judge.

We address but one issue in this appeal: whether the trial court erred in denying defendant's motion to dismiss all but one of the conspiracy charges. Because we find that the State proved only one ongoing conspiracy, we must remand this case for resentencing on the conspiracy conviction.

The relevant facts are as follows. At the time of the alleged offenses, defendant was an inmate at the North Carolina Correctional Institution for Women (hereinafter "women's prison") in Raleigh. On 30 June 1991, prison officials caught defendant attempting to smuggle $100.00 into the women's prison, a violation of the prison rules. As a result, defendant was placed in administrative segregation. Later that week, Amanda Penley, also an inmate at the women's prison, was found to be in possession of controlled substances, including Diazepam (commonly known as Valium), Alprezolam (commonly known as Zanax), and marijuana. The State Bureau of Investigation's investigation of the source of Penley's drugs led to the indictments in this case.

While testifying for the State, Amanda Penley stated that she and defendant had discussed how to make money while in prison and had decided to loan money and sell drugs to other inmates. Penley and defendant approached various inmates to request that they add defendant's family members to their list of visitors, so that they could be couriers of the drugs brought into the prison by the visitors. Penley further asserted that, as part of their plan, defendant contacted her father, William "Shorty" Connard, who lived in Gastonia. Shorty Connard would arrange to

have a "package" brought to women's prison on regular Sunday visitation day. (Throughout the trial, the drugs brought to women's prison were referred to as a "package" because the drugs were packaged in a clear plastic bag wrapped in black tape.) Defendant's brother, Johnny Connard, or defendant's sister, Melissa Connard, usually brought the package to the prison and surreptitiously handed it to an inmate, who would then "suitcase" the package by inserting the package into a private body cavity, either the vagina or rectum.

Other inmates of women's prison who testified for the State included Sheila Faircloth, Elizabeth Owens, and Tina Yates. Each testified that defendant had asked them to accept packages of drugs smuggled into the prison by the visitors and that they had received the drugs and had given them to Amanda Penley. Additionally, Melissa Connard, who lived in Gastonia, testified that defendant had requested that she deliver drugs to Elizabeth Owens on visitation day. She alleged that her sister, the defendant, was supposed to be the ultimate recipient of the package.

———————

Defendant contends that she could not lawfully be convicted of four counts of conspiracy to provide an inmate with a controlled substance on the facts in this case and that the trial court erred in submitting the four counts to the jury. In support of this, she argues that, although the State's evidence shows that drugs and money were delivered to the women's prison on at least four separate occasions during the month of June 1991, there was only a single scheme or plan to bring drugs into the prison. The State maintains, to the contrary, that there was sufficient evidence of four conspiracies to warrant submitting each of the conspiracy charges to the jury, and therefore, the four convictions should stand.

The essence of the crime of conspiracy is the agreement to commit a substantive crime. *State v. Medlin*, 86 N.C. App. 114, 121, 357 S.E.2d 174, 178 (1987). When the evidence shows a series of agreements or acts constituting a *single* conspiracy, a defendant cannot be prosecuted on multiple conspiracy indictments consistent with the prohibition against double jeopardy. *Id.* Therefore, when the State elects to charge separate conspiracies, it must prove not only the existence of at least two agreements but also that they were separate. *State v. Rozier*, 69 N.C. App. 38, 53, 316 S.E.2d 893, 902, *cert. denied*, 312 N.C. 88, 321 S.E.2d 907 (1984).

Although the offense of conspiracy is complete upon formation of the unlawful agreement, the offense continues until the conspiracy comes to fruition or is abandoned. *Medlin*, 86 N.C. App. at 122, 357 S.E.2d at 179. A single conspiracy may, and often does, consist of a series of different offenses. *Id.* In *Rozier*, 69 N.C. App. at 52, 316 S.E.2d at 902, the Court stated that although there is no simple test for determining whether single or multiple conspiracies are involved in a particular case, "factors such as time intervals, participants, objectives, and number of meetings all must be considered."

Applying the four factors from *Rozier* to the facts in the instant case, we find that the State failed to prove more than one conspiracy. First, the offenses transpired over a short period of time, a one month period. Defendant was convicted of conspiring to deliver packages of controlled substances to the women's prison on 2, 9, 23, and 30 June 1991. Second, the indictments upon which defendant was convicted all allege conspiracies with Amanda Penley, Debra Furr (defendant's father's deceased girlfriend), and Johnny Connard; thus the participants in the conspiracies for which defendant was indicted remain the same. Additionally, these indictments all aver the same objective: delivering controlled substances to Amanda Penley. Finally, the State presented no evidence concerning the number of meetings which took place between defendant and the other participants.

The State argues that four separate conspiracies existed because the offenses occurred one to two weeks apart. Furthermore, the State claims that the four conspiracies constituted separate agreements because the participants were different. It refers us to parts of the record revealing that the contraband was smuggled into the prison by Johnny Connard, Melissa Connard, or Frank Metcalf and that it was received by Sheila Faircloth, Elizabeth Owens, or Tina Yates. The point is not well taken. A single conspiracy is not transformed into multiple conspiracies simply because its members vary occasionally and the same acts in furtherance of it occur over a period of time. *State v. Fink*, 92 N.C. App. 523, 532, 375 S.E.2d 303, 309 (1989). Moreover, as noted above, the four indictments under which defendant was tried for conspiracy all allege the same co-conspirators, placing a burden upon the State to show four separate agreements with these co-conspirators, not some other persons. *See State v. Mickey*, 207 N.C. 608, 178 S.E. 220 (1935); *State v. Minter*, 111 N.C. App. 40,

432 S.E.2d 146 (1993). Although the State's brief recapitulates evidence about soliciting other inmates, not named in the indictment, to assist in the smuggling of controlled substances, it fails to identify, and we cannot find, evidence in the record that there were four separate agreements between defendant and the named co-conspirators. We, therefore, conclude that the State's evidence showed only one ongoing conspiracy to deliver drugs to the women's prison and that the court erred in submitting more than one count of conspiracy to the jury.

Since the conspiracy began on or before 2 June 1991, the earliest of the conspiracy convictions (91 CRS 52116) should stand, and the convictions for conspiracy based on the subsequent transactions must be vacated. *See Rozier*, 69 N.C. App. at 54, 316 S.E.2d at 903. Hence, we vacate the three judgments on the conspiracy convictions (91 CRS 52106, 91 CRS 52107, and 91 CRS 52108), and remand with instructions to the trial court to enter judgment on conspiracy to provide an inmate with a controlled substance for the first conviction (91 CRS 52116).

We have reviewed defendant's remaining assignments of error, and find no error. Accordingly, we overrule these arguments.

Vacated in part and remanded for resentencing.

Judges JOHNSON and COZORT concur.