STATE OF NORTH CAROLINA v. THOMAS BRYANT HOLLAND

No. COA02-1474

(Filed 18 November 2003)

**1. Criminal Law— motion to dismiss—credibility of witnesses—not for trial court to weigh**

There was no error in the denial of a motion to dismiss charges of armed robbery, first-degree burglary, assault, sexual offense, and other crimes where defendant argued that the only evidence of identity was from codefendants whom defendant contended lacked credibility. The trial court was not permitted to weigh the credibility of the witnesses, and all of the evidence permitted a reasonable inference of defendant's guilt.

**2. Criminal Law— request for written instructions—re-read instead**

The trial court did not err by not providing written instructions upon the jury's request in a prosecution for armed robbery, first-degree burglary, assault, sexual offense, and other crimes. The fact that the judge re-read the instructions represents compliance with the essence of the jury's request.

**3. Criminal Law— flight—visit to friend's house—not sufficient for instruction**

The trial court erred by instructing the jury on flight on evidence that defendant went to the home of a friend after the crime. There was no evidence that defendant did so to avoid apprehension; visiting a friend at a residence is not an act that raises a reasonable inference that a defendant was avoiding apprehension. However, this error was harmless in light of the remaining evidence in the case, including the identification of defendant as the perpetrator of the crimes charged.

Appeal by defendant from judgment entered 9 May 2001 by Judge David Q. Labarre in Wake County Superior Court. Heard in the Court of Appeals 27 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Leonard G. Green, for the State.*

*Ligon & Hinton, by Lemuel W. Hinton, attorney for defendant-appellant.*

STATE v. HOLLAND

[161 N.C. App. 326 (2003)]

TIMMONS-GOODSON, Judge.

Thomas Bryant Holland ("defendant") appeals his convictions of robbery with a dangerous weapon, first-degree burglary, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious injury, and first-degree sexual offense. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error.

The evidence presented by the State at trial tends to show the following: On 29 September 2000, C.C. was living in Fuquay-Varina, North Carolina. On that evening, C.C. and her boyfriend, James Brooks ("Brooks"), arrived at her home at 9:30 p.m. At approximately 10:00 p.m., Michael Booker ("Booker") visited the residence, purchased marijuana from C.C. and left. Shortly thereafter, C.C. and Brooks were robbed in the house by two masked men with guns. C.C. recognized one of these two individuals as "Scoop Lover." Lover, whose given name is Donny McNeil ("McNeil"), had recently visited her residence, accompanied by Booker and Christopher Shaw ("Shaw"), to purchase marijuana.

McNeil and the unidentified male entered the house and at gunpoint demanded money and drugs. C.C. gave McNeil money that she kept in her bedroom. The second, unidentified individual then directed C.C. into her daughter's bedroom where he sexually assaulted her while threatening her with a gun. While these events transpired, Brooks escaped McNeil's grasp and ran toward the front door of the house. McNeil and the unidentified individual then fired their guns at Brooks, striking him five times. Brooks escaped the house, ran to a neighbor's house, and called 911.

The State presented evidence through McNeil, Booker and Shaw's testimony that defendant participated in the planning and commission of the sexual assault and robbery of C.C. and the felony assault of Brooks.

---

The issues presented on appeal are whether the trial court erred by (I) denying defendant's motion to dismiss the charges against him; (II) failing to provide the jury with a written copy of the jury instructions upon their request; and (III) instructing the jury on flight of the defendant.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the charges of robbery with a dangerous weapon,

first-degree burglary, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon with the intent to kill inflicting serious injury, and first-degree sexual offense. Defendant asserts that the State presented insufficient evidence to support these charges. We disagree.

In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged. *See State v. Bullard,* 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). When reviewing the evidence, the trial court must consider all evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *See State v. Brown,* 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying the defendant's motion to dismiss." *State v. Malloy,* 309 N.C. 176, 178, 305 S.E.2d 718, 720 (1983).

In the present case, defendant argues that the evidence was insufficient for three reasons: (I) C.C. and Brooks never positively identified defendant at trial; (II) there was no physical evidence linking defendant to the crimes; and (III) co-defendants provided the only positive identification of defendant. Defendant argues that his co-defendants lack the credibility to provide honest testimony. We hold that the co-defendants' testimony identifying defendant as a co-conspirator provides substantial evidence that defendant was the unidentified individual who committed the crimes, and that the evidence was sufficient to support the trial court's denial of the motion to dismiss.

Defendant argues that "the identity evidence was inherently weak, biased, and unreliable." The trial court was required only to determine whether, in the light most favorable to the State, the evidence linked defendant to the crimes. The trial court was not permitted to weigh the credibility of the witnesses. The fact that neither C.C. nor Brooks could positively identify defendant and the lack of physical evidence to link defendant to the crimes does not negate the existence of other evidence that the State presented. The testimony of McNeil, Booker and Shaw viewed in the light most favorable to the State shows that defendant was armed during the commission of the crimes, entered C.C.'s home and robbed her of personal property, sexually assaulted her, and fired his gun at Brooks while Brooks was

escaping. The defendant did not testify, nor did he present any witnesses to contradict this testimony. Thus, all of the evidence presented permits a reasonable inference of defendant's guilt sufficient to defeat a motion to dismiss. We conclude that the trial court did not err in denying defendant's motion to dismiss.

We also disagree with defendant's contention that the State's evidence raises only a mere suspicion of defendant's identity as the second gunman. We agree that the law requires that when the evidence raises only a suspicion or conjecture as to the identity of the defendant as the perpetrator, the motion to dismiss must be allowed. *Malloy*, 309 N.C. at 179, 305 S.E.2d at 720. However, in the present case, the co-defendants positively identified defendant as the second gunman, which rises to more than a mere suspicion. Therefore, the trial court properly left the determination of the witnesses' credibility to the jury.

[2] Defendant next argues that the trial court erred in not providing written instructions to the jury upon request. During its deliberations, the jury asked the trial court for written instructions on the elements of all of the charges which were submitted for the jury's consideration. The trial court declined to provide written instructions, but orally repeated the instructions to the jury.

A trial court has inherent authority, in its discretion, to submit its instructions on the law to the jury in writing. *State v. McAvoy*, 331 N.C. 583, 591, 417 S.E.2d 489, 494 (1992) *citing State v. Bass*, 53 N.C. App. 40, 45, 280 S.E.2d 7, 10 (1981). When a trial court fails to exercise its discretion in the erroneous belief that it has no discretion as to the question presented, there is error. *State v. Lang*, 301 N.C. 508, 510, 272 S.E.2d 123, 125 (1980). However, where the trial court declines to provide written instructions, but repeats the requested instructions for the jury, thereby complying with the essence of the jury's request, there is no prejudicial error. *McAvoy*, 331 N.C. at 591, 417 S.E.2d at 494-95.

In the present case, the jury requested that the judge provide a written description of the charges. The judge replied, "[i]f you're asking about getting a written copy of that description I do not have that for you. If you're talking about me re-charging you on some or all of those charges, I can do that." The jury later asked to be recharged on two specific counts. It is unclear from Judge Labarre's reply whether he believed that he had no discretion to provide written instructions, or whether he was simply stating that he had no written instructions

available. However, the fact that the judge re-read the instructions for the two charges that the jury specifically requested represents compliance with the essence of the jury's request, and therefore we overrule this assignment of error.

[3] Defendant's final argument asserts that the trial court erred in instructing the jury on flight of the defendant, because the evidence was insufficient to merit such an instruction. We agree.

A trial judge may instruct a jury on a defendant's flight if "there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." *State v. Thompson*, 328 N.C. 477, 489, 402 S.E.2d 386, 392 (1991) (*quoting State v. Levan*, 326 N.C. 155, 164-65, 388 S.E.2d 429, 433-34 (1990)). "Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." *Thompson*, 328 N.C. at 490, 402 S.E.2d at 392.

In the present case, the evidence presented, even in the light most favorable to the State, shows that defendant left the crime scene with his accomplices and drove to the home of one of the accomplices. Following this, defendant was driven to a girlfriend's residence. There is no evidence that he went there to avoid apprehension. Visiting a friend at their residence is not an act that, by itself, raises a reasonable inference that defendant was attempting to avoid apprehension. Therefore, it was error for the trial court to instruct the jury on flight. However, in light of the remaining evidence in this case, including the identification of defendant as the perpetrator of the crimes charged, the error in instructing the jury on flight was harmless. Thus, we conclude that defendant received a trial free of prejudicial error.

No error.

Judges HUNTER and ELMORE concur.