STATE OF NORTH CAROLINA v. JERSELYN E. HOWELL

No. COA04-307

(Filed 19 April 2005)

**1. Appeal and Error— preservation of issues—constitutional question—failure to present to trial court**

Defendant failed to preserve for appellate review the issue of whether an accomplice's testimony that she had not been offered a charge reduction in exchange for testimony against defendant, when in fact the State had made such an offer, violated her rights to confrontation and due process where the prosecutor informed the court that he had made such an arrangement with the accomplice's attorney and had disclosed the arrangement to defendant's attorney, and defendant's attorney did not contradict the prosecutor's statement or move for a recess in order that the accomplice could be informed about the arrangement and re-examined about the matter in the presence of the jury.

**2. Appeal and Error— preservation of issues—instruction—waiver of review**

Defendant waived appellate review as to whether the trial court's instruction that a witness had testified in exchange for a charge reduction was supported by the evidence where defendant failed to object to the instruction or to assert plain error.

**3. Evidence— exhibits—drug paraphernalia—packaging materials—bus tickets—relevancy**

The trial court did not err in a trafficking heroin by possession, trafficking heroin by transportation, conspiracy to commit both trafficking heroin by possession and transportation, and possession with intent to sell or deliver heroin case by admitting State's exhibits 1 through 12 consisting of various items of drug paraphernalia, packaging materials, and bus tickets found in an accomplice's house, because the exhibits were relevant to the issue of defendant's guilt of the trafficking and conspiracy offenses.

**4. Drugs— conspiracy to traffic in heroin—transportation and possession—one crime**

There was sufficient evidence to support a finding of defendant's guilt of only conspiracy to traffic in heroin by transportation, and defendant's conviction on the additional charge of

STATE v. HOWELL

[169 N.C. App. 741 (2005)]

conspiracy to traffic in heroin by possession must be arrested, where the evidence showed that defendant and an accomplice had an agreement that defendant would transport heroin from New York to Greensboro, the two of them would package it for sale in the accomplice's residence, and they would then sell the heroin, because the agreement to transport the heroin from New York to Greensboro necessarily encompassed its possession.

Appeal by defendant from judgment entered 30 May 2003 by Judge Henry E. Frye, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 31 January 2005.

*Roy Cooper, Attorney General, by Scott K. Beaver, Assistant Attorney General, for the State.*

*Grund & Leavitt, P.C., by Martin J. Leavitt, and Clifford Clendenin O'Hale & Jones, LLP, by Walter L. Jones, for the defendant.*

MARTIN, Chief Judge.

Defendant was convicted of trafficking heroin by possession, trafficking heroin by transportation, conspiracy to commit both of these offenses, and possession with intent to sell or deliver heroin. She appeals from judgments imposing two consecutive sentences of not less than 90 months and not more than 117 months of imprisonment.

The evidence at defendant's trial tended to show that on 6 August 2002, several detectives from the Greensboro Police Department conducted a narcotics surveillance at the home of Bonita Batten after receiving an anonymous tip. When a vehicle, driven by Marie Parker, stopped in front of the home, the detectives moved in to question its occupants. Defendant was sitting in the front passenger's seat. Detective Brian Williamson asked defendant to step out of the car and inquired whether she had any weapons or narcotics on her. She said that she did not and he asked if he could pat her down. Detective Williamson and Detective Steve Hollers both testified they then saw defendant remove a plastic bag from her right front pocket and conceal it underneath her blouse. When Detective Williamson forced defendant's hand from under her shirt and confiscated the bag, he noted that it contained a tannish brown substance. Detective Hollers also observed a plastic bag containing two paper envelopes of powder fall from defendant's pocket. Special Agent Mackenzie Dehan, an SBI forensic drug chemist, testified that both bags tested

positive for heroin. The bag that fell from defendant's pocket contained 2.9 grams of heroin, and the bag in defendant's hand contained 15.9 grams of heroin.

In addition to the heroin, the detectives recovered $2,355.50 in small bills from among defendant's possessions. From Bonita Batten's residence, they recovered drug paraphernalia and packaging materials. Ms. Batten testified for the State that defendant had been coming to her house from New York twice a month for a year. Defendant would pay Ms. Batten forty to sixty dollars to stay at her house, and defendant would bring heroin from New York for the two of them to sell and for Ms. Batten to use. They would package the heroin in Ms. Batten's home with bags that Ms. Batten had obtained for that purpose. The paraphernalia and packaging items introduced at defendant's trial included a small mirror, a box of metal pipes, other pipes made of metal and plastic, several small bags, end paper, a bag of balloons, a razor blade, a glass pipe, a box of rubber gloves, and two bus tickets to New York with baggage claim receipts issued to a Mr. and Mrs. Smith dated 28 July 2002. Ms. Batten admitted at trial that at the time of her arrest, she was using drugs almost every day.

On cross-examination by defendant's counsel, Ms. Batten testified, *inter alia*, as follows:

Q. The truth be known, you've got the same charges pending right now that Ms. Howell does, don't you?

A. Yeah.

Q. And you've got a deal in place that if you testify against Ms. Howell, you're [sic] cases will be reduced to attempted trafficking and you will not get a mandatory minimum sentence of 90 months; isn't that true?

A. No sir. They've never offered me that.

Q. I'm sorry?

A. I've not been offered that.

Q. What have you been offered?

A. Nothing.

Q. So, it's your testimony that you've received no benefit of your testimony, that you've received no offer whatsoever?

A. That's right.

Q. So, you're just here out of the goodness of your heart?

A. I'm here because they subpoenaed me.

Defense counsel questioned her again later on the issue:

Q. Now, I want to make sure I understand. Is it your testimony that you don't think you're going to get anything from testifying?

A. No. I have—

Q. So, it's your understanding—

A. Let me put—I don't think I'm going to get anything because I was arrested twice for the same charge; so, what am I going to get?

Q. So, you think you're going to prison for ninety months?

A. Probably.

Detective A.J. Barwick testified that defendant gave him a statement while she was in custody after her arrest. Her statement included the following information: she lives in the Bronx, New York; she buys heroin in New York City and sells it in Greensboro; she stays at Ms. Batten's house when she comes to Greensboro; she buys the heroin from a Puerto Rican named Willis; and she usually buys about 15 grams of heroin from Willis. Defendant refused to specify how she transported the heroin from New York or provide any further information about her transactions in Greensboro.

Defendant testified in her own behalf that she came to Greensboro because her common-law husband was born and raised in Greensboro, and his father had been very sick recently so she had been coming to visit him. She also came to Greensboro to buy cheap cigarettes to re-sell in New York. She claimed the cash confiscated by the officers was for buying cigarettes. Forty cartons of cigarettes were found in the car when she was arrested. Defendant testified she had never bought, sold, or used drugs. She said she gave her earlier statement to Detective Barwick because the officers questioning her told her that if she did not help them, she would never see her children again and would go to prison for thirty years.

Prior to instructing the jury, the trial court questioned counsel outside the presence of the jury as to whether Ms. Batten had testified in exchange for a charge reduction. The prosecutor told the court

that he had offered Ms. Batten, through her attorney, a charge reduction in exchange for her testimony, but that Ms. Batten's attorney had apparently not informed Ms. Batten of the agreement before she took the stand to testify. He also told the court that he had informed defendant's counsel of the offer. Defendant did not request to re-call Ms. Batten to inquire again about the charge reduction.

In light of the information concerning the arrangement which had been offered Ms. Batten through her attorney, the trial court informed the parties that he intended to instruct the jury that Ms. Batten had testified pursuant to an agreement for a charge reduction. Neither the State nor the defendant objected to the proposed instruction. The trial court instructed the jury:

> [T]here's also evidence which tends to show that Bonita Batten was testifying under an agreement with the prosecutor for a charge reduction in exchange for her testimony. Again, if you find that she testified in whole or in part for this reason, you should examine her testimony with great care and caution in deciding whether or not to believe it. If after doing so you believe her testimony in whole or in part, you should treat what you believe the same as any other believable testimony.

Defendant did not object to the instruction as given by the trial court.

---

**[1]** In addition to the assignments of error contained in the record, defendant has filed a Motion for Appropriate Relief in this Court in which she argues that Ms. Batten's testimony that she had not been offered a charge reduction or leniency in exchange for her testimony, when in fact the State had made such an offer, violated defendant's rights to confrontation and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, as well as her rights under the North Carolina Constitution. The Motion for Appropriate Relief is properly before this Court. N.C. Gen. Stat. § 15A-1418(a) (2003). We begin by addressing this argument.

When an accomplice has been offered a charge reduction in exchange for testimony against the defendant, the prosecution must disclose the arrangement to the defense prior to trial. Under N.C. Gen. Stat. § 15A-1054 ("Charge reductions or sentence concessions in consideration of truthful testimony"):

> [w]hen a prosecutor enters into any arrangement authorized by this section, written notice fully disclosing the terms of the

arrangement must be provided to defense counsel, or to the defendant if not represented by counsel, against whom such testimony is to be offered, a reasonable time prior to any proceeding in which the person with whom the arrangement is made is expected to testify. Upon motion of the defendant or his counsel on grounds of surprise or for other good cause or when the interests of justice require, the court must grant a recess.

N.C. Gen. Stat. § 15A-1054(c) (2003).

Here, the record indicates that the prosecutor did make such an arrangement with Ms. Batten's attorney and that the arrangement was disclosed to defendant's attorney prior to trial. During the conference between the trial court and counsel before the jury instructions, the court asked whether Ms. Batten had testified in exchange for a charge reduction. The prosecutor replied that she had and told the court that he had "relayed that to [Ms. Batten's] attorney and that's what I told [defendant's attorney] prior to trial." Defendant's counsel did not contradict the prosecutor's statement, nor did he move for a recess in order that Ms. Batten could be informed about the arrangement and re-examined about the matter in the presence of the jury. *See State v. Cousins*, 289 N.C. 540, 544, 223 S.E.2d 338, 342 (1976) (holding the remedy for failure to comply with G.S. § 15A-1054(c) is to grant a recess upon a motion by defendant); *State v. Lester*, 294 N.C. 220, 229, 240 S.E.2d 391, 398-99 (1978). Therefore she has failed to preserve Ms. Batten's testimony for review. A constitutional question not presented and passed upon at trial will not ordinarily be considered on appeal. *State v. Benson*, 323 N.C. 318, 321-22, 372 S.E.2d 517, 519 (1988) (citing *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982)).

[2] In addition, the trial court, without objection, informed the jury that Ms. Batten had testified in exchange for a charge reduction and instructed the jurors to closely scrutinize her testimony by reason thereof, which undoubtedly undermined her credibility with the jury. Defendant argues, however, combining her first assignment of error in the record on appeal with her Motion for Appropriate Relief, that such an instruction was error because it was not supported by the evidence. This argument must also fail because defendant did not object to the instruction. A defendant may not assign error to any part of the jury instruction unless she objects to that portion at trial. *State v. Cummings*, 326 N.C. 298, 315, 389 S.E.2d 66, 75 (1990). Where no objection is raised, the defendant may seek review only for "plain

STATE v. HOWELL

[169 N.C. App. 741 (2005)]

error." *Id.* Defendant has not asserted plain error in either her first assignment of error or her Motion for Appropriate Relief and has, thus, waived plain error review. N.C. R. App. P. 10(c)(4) (2003); *State v. Moore*, 132 N.C. App. 197, 201, 511 S.E.2d 22, 25 (1999). Defendant's first assignment of error is overruled and her Motion for Appropriate Relief is denied.

**[3]** By the fourth assignment of error brought forward in her brief, defendant contends the trial court erred in admitting State's exhibits 1 through 12, consisting of various items of drug paraphernalia, packaging materials, and bus tickets found in Ms. Batten's house. She argues the State failed to establish any connection between her and the exhibits, so that the exhibits were not relevant to prove any fact at issue and should have been excluded. We disagree.

In her statement to the police, defendant admitted that she brought heroin from New York to sell and that she stayed at Ms. Batten's house on these bimonthly trips. Ms. Batten testified that she and defendant had packaged heroin for sale at her house the night before defendant's arrest. The items admitted into evidence included items used to package drugs for sale. There was no heroin found in the house, supporting a reasonable inference that the items found in the house had been used to package the heroin found on defendant's person.

Nonetheless, defendant contends Ms. Batten's testimony cannot be used to establish the nexus between defendant and the items for the same reasons set forth in her Motion for Appropriate Relief. Our ruling on the Motion for Appropriate Relief necessarily invalidates this contention as well and, in addition, we observe that neither defendant's objection at trial nor her assignment of error on appeal were based upon this ground. Where defendant relies upon one theory at trial as the ground to exclude evidence, she cannot argue a different theory for its exclusion on appeal. *State v. Sharpe*, 344 N.C. 190, 194-95, 473 S.E.2d 3, 5-6 (1996). We hold the exhibits were clearly relevant to the issue of defendant's guilt of the trafficking and conspiracy offenses and were properly admitted into evidence. *See* N.C. Gen. Stat. § 8C-1, Rule 402 (2003) (relevant evidence is admissible).

**[4]** Finally, by her second and third assignments of error, defendant contends the trial court erred by denying her motions, made at the close of all the evidence, to dismiss the charges of "trafficking by possession due to the insufficiency of the evidence presented," and

"trafficking by transportation due to the insufficiency of the evidence presented." In her appellate brief, however, defendant argues the insufficiency of the evidence to support the charges of *conspiracy to traffic* by possession and *conspiracy to traffic* by transportation. Technically, by her failure to assign error to the denial of her motions to dismiss the conspiracy charges, defendant has not preserved the denial of those motions for appellate review, N.C.R. App. P. 10(a),(c), and by failing to advance any argument in support of the assignments of error to the denial of her motions to dismiss the actual charges of trafficking, she has abandoned those assignments of error as well. N.C.R. App. P. 28(a),(b)(6). Assuming, however, that omission of the word "*conspiracy*" in each of the assignments of error was an inadvertent error and that defendant intended to assign error to the denial of her motions to dismiss the conspiracy charges for insufficiency of the evidence, we will consider her argument.

In ruling upon a motion to dismiss criminal charges, the issue is whether there is substantial evidence of defendant's guilt of each essential element of the crime. *State v. Holland*, 161 N.C. App. 326, 328, 588 S.E.2d 32, 34 (2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 328, 588 S.E.2d at 34-35 (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). The evidence is considered in the light most favorable to the State, and the State is entitled to every reasonable inference arising from it. *Id.*

The crime of conspiracy is, essentially, an agreement to commit a substantive criminal act. *State v. Griffin*, 112 N.C. App. 838, 840, 437 S.E.2d 390, 392 (1993). No express agreement need be proved; proof of circumstances which point to a mutual implied understanding to commit the unlawful act is sufficient to prove a conspiracy. *State v. Smith*, 237 N.C. 1, 16-17, 74 S.E.2d 291, 301-02 (1953). The crime is complete when the agreement is made; no overt act in furtherance of the agreement is required. *State v. Gallimore*, 272 N.C. 528, 532, 158 S.E.2d 505, 508 (1968).

In the present case, there was substantial evidence to support a finding of defendant's guilt of conspiracy to traffic in heroin. From Ms. Batten's testimony and defendant's statement to Detective Barwick, a reasonable inference can be drawn that defendant and Batten had a mutual understanding that defendant would bring the requisite amount of heroin to Greensboro, that the two of them would package it for sale at Batten's residence, and that they would sell it.

**STATE v. HOWELL**

[169 N.C. App. 741 (2005)]

Defendant, however, was charged with, and convicted of, engaging in two conspiracies. In the first count of the bill of indictment in 02 CRS 93484, she was charged with conspiracy to traffic by possession, and in the second count of the same bill of indictment, she was charged with conspiracy to traffic by transportation. To determine whether a single or multiple conspiracies were involved, "factors such as time intervals, participants, objectives, and number of meetings all must be considered." *State v. Rozier*, 69 N.C. App. 38, 52, 316 S.E.2d 893, 902, *cert. denied*, 312 N.C. 88, 321 S.E.2d 907 (1984).

Our careful review of the record in this case reveals evidence of only one agreement or mutual understanding between defendant and any other person, Batten, which encompassed both the transportation of the heroin to Greensboro and their possession and sale of the heroin once it arrived. As we have held in other cases, "[i]t is the number of separate agreements, rather than the number of substantive offenses agreed upon, which determines the number of conspiracies." *State v. Worthington*, 84 N.C. App. 150, 163, 352 S.E.2d 695, 703, *disc. rev. denied*, 319 N.C. 677, 356 S.E.2d 785 (1987) (*citations omitted*). Thus, defendant may be convicted of only one conspiracy. Since the agreement to transport the heroin from New York to Greensboro necessarily encompassed its possession, we must arrest judgment as to defendant's conviction of conspiracy to traffic in heroin by possession as alleged in the first count of the bill of indictment in 02 CRS 93484. Since the offense was consolidated for judgment with other offenses of the same class for sentencing purposes, and the trial court imposed the statutory sentence for trafficking in more than 14 grams but less than 28 grams of heroin, defendant's sentence is not affected. N.C. Gen. Stat. § 90-95(h)(4)(b) (2003).

02 CRS 93484—Count I—Judgment Arrested
    Count II—No Error

02 CRS 93491—Count I—No Error

02 CRS 93495—Count I—No Error
    Count II—No Error

Judges McCULLOUGH and ELMORE concur.