STATE OF NORTH CAROLINA v. TROLANDO RANQUEL SHINE

No. COA04-1388

(Filed 18 October 2005)

**1. Evidence— probation officer's testimony—defendant occupied or controlled the premises**

The trial court did not err in a trafficking in cocaine, possession with intent to sell or distribute cocaine, and maintaining a dwelling for keeping and selling cocaine case by admitting the testimony of defendant's probation officer even though defendant

contends the testimony indicated that defendant had committed a previous crime, because: (1) the evidence was not admitted to show defendant had the propensity or disposition to commit the crime charged; (2) the State did not ask the officer any questions regarding the reason for which defendant was on probation; (3) the evidence was admitted in order to show that defendant occupied or controlled the premises in question giving him the requisite knowledge and opportunity to commit the crime; (4) the trial court's limiting instruction did not constitute a mandate that the State had actually established the elements of knowledge and opportunity beyond a reasonable doubt; and (5) the probative value of the officer's testimony substantially outweighed its prejudicial effect.

**2. Drugs— instructions—constructive possession**

The trial court did not commit plain error in a trafficking in cocaine, possession with intent to sell or distribute cocaine, and maintaining a dwelling for keeping and selling cocaine case by failing to instruct the jury with respect to constructive possession of a controlled substance where possession of the premises is nonexclusive, because: (1) the trial court's instruction, coupled with other evidence of incriminating circumstances such as the discovery of defendant's ID card six inches from the cocaine, was sufficient to allow the jury to determine whether defendant constructively possessed the cocaine; and (2) the jury was not likely to have reached a different verdict had a special instruction been given.

**3. Drugs— trafficking in cocaine—possession with intent to sell or distribute cocaine—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of trafficking in cocaine and possession with intent to sell or distribute cocaine at the close of the State's evidence, because there was sufficient evidence of defendant's possession of the premises and other incriminating circumstances to allow the jury to determine whether defendant constructively possessed the cocaine.

**4. Drugs— maintaining a dwelling for keeping and selling cocaine—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of maintaining a dwelling for keeping and sell-

ing cocaine at the close of the State's evidence, because: (1) a reasonable jury could conclude that defendant kept or maintained the property based on evidence that defendant occupied the property for a period of time and paid for cable services, and defendant's probation officer visited him at the property five weeks prior to the execution of the search warrant at which time defendant confirmed it was his residence; and (2) although neither a large amount of cash was found in the residence nor did defendant admit to selling cocaine, there was other evidence that indicated controlled substances were being sold from the residence including a set of digital scales found on the same dresser as the two plastic bags of cocaine, defendant's ID card was found six inches away from the two bags of cocaine, and three pieces of scrap paper were found in the bedroom listing initials and corresponding dollar amounts which the jury could infer was a list of customers and their orders or debts.

## 5. Sentencing— aggravated sentence—probationary status—failure to submit to jury

The trial court erred in a trafficking in cocaine, possession with intent to sell or distribute cocaine, and maintaining a dwelling for keeping and selling cocaine case by adding a point to defendant's prior record level without first submitting the issue of defendant's probationary status to a jury, because his probationary status, which was used to increase his prior record level, was a fact other than a prior conviction that was required to be submitted to a jury and proved beyond a reasonable doubt.

Appeal by defendant from judgment entered 25 February 2004 by Judge Michael E. Beale in Stanly County Superior Court. Heard in the Court of Appeals 20 September 2005.

*Roy Cooper, Attorney General, by Richard G. Sowerby, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Matthew D. Wunsche, Assistant Appellate Defender, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was convicted by a jury of trafficking in cocaine, possession with intent to sell or distribute cocaine, and maintaining a dwelling for keeping and selling cocaine. The trial court sentenced defendant to a minimum of thirty-five months and a maximum of

STATE v. SHINE

[173 N.C. App. 699 (2005)]

forty-two months imprisonment and imposed a fifty thousand dollar fine for trafficking in cocaine. The court consolidated the remaining two charges and sentenced defendant to a minimum of ten months and a maximum of twelve months imprisonment, to begin at the expiration of the previous sentence. The court suspended the second sentence, placing defendant on supervised probation for a term of thirty-six months. Defendant appeals.

The evidence at trial tended to show that on 18 December 2002, Detective John Johnson and other officers of the Stanly County Sheriff's Office executed a search warrant at 10701 Lee Road in Norwood, North Carolina. No one was present at the residence at the time it was searched. Detective Johnson testified a Crown Royal bag was found in the bedroom of the residence which contained two plastic bags of cocaine. One plastic bag held approximately 26.5 grams of cocaine, and the other held approximately 9.1 grams of cocaine. Approximately six inches from the Crown Royal bag, the officers found a North Carolina Identification card with defendant's name, date of birth, picture, and the following address: "Old Road, P.O. Box 9, Norwood, North Carolina." The officers also found defendant's name on a Time Warner Cable receipt dated 25 September 2002, which listed 10701 Lee Road, Norwood, N.C. as the service address.

In addition to these documents, the officers found a set of digital scales, a video camera, scrap paper listing initials with corresponding dollar amounts, and two boxes of ammunition in the bedroom of the residence. No identifying fingerprints were found on any of the items seized during the search. A tape in the video camera depicted approximately ten individuals in the living room of the residence, but defendant was not one of those individuals. Detective Robert Eury of the Albemarle Police Department testified that defendant was nicknamed "Troll" and that the name "Troll" was referred to by those depicted in the videotape between eight and eleven times.

James Stephens, a probation officer with the Stanly County Probation office, testified over objection that defendant was a probationer on his case load. Officer Stephens testified that on 22 October 2002, he explained to defendant that he would have to visit defendant's home to verify the address. Defendant then gave 10701 Lee Road in Norwood as his home address. When Officer Stephens later visited that address, defendant answered the door and verified that it was his residence. Defendant never notified Officer Stephens of a change of address.

**STATE v. SHINE**

[173 N.C. App. 699 (2005)]

At the close of the State's evidence, defendant's motion to dismiss all the charges for insufficiency of the evidence was denied. Defendant offered no evidence.

---

Defendant presents the following arguments on appeal: (1) the trial court violated Rules 404(b) and 403 of the North Carolina Evidence Code by allowing testimony by defendant's probation officer; (2) the trial court committed plain error by failing to instruct the jury on non-exclusive possession of the premises; (3) the trial court erred by denying defendant's motion to dismiss all the charges against him at the close of the State's evidence for insufficiency of the evidence; and (4) the trial court erred by finding that defendant committed the offense while on probation, thereby enhancing defendant's sentence, without submitting that question to the jury. For the reasons which follow, we find no error in the rulings of the trial court but remand for resentencing.

**[1]** Defendant contends the trial court's admission of testimony by his probation officer violated N.C. Gen. Stat. § 8C-1, Rule 404(b) because the testimony indicated that defendant had committed a previous crime. Rule 404(b) states, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Our Supreme Court has recently stated:

> This rule is 'a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.' The list of permissible purposes for admission of 'other crimes' evidence is not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime.

*State v. Brewington*, 170 N.C. 264, 276-77, 612 S.E.2d 648, 656 (2005) (quoting *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 852-53 (1995)).

In this case, the testimony of Officer Stephens was not admitted to show defendant had the "propensity or disposition" to commit the crime charged. The State did not ask Officer Stephens any questions regarding the reason for which defendant was on probation; the trial court admitted the evidence in order to show "that the defendant occupied or controlled the premises in question," giving him the requisite knowledge and opportunity to commit the crime. The evidence was relevant and was properly admitted pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b).

The trial court also gave the following limiting instruction regarding the testimony of Officer Stephens:

> Evidence has been received tending to show that the defendant was placed on probation—was on probation at the time of the offense and made statements about his address and was seen at the address by his probation officer. This evidence was received solely for the following purposes: One, of showing the defendant had knowledge, which is a necessary element of the crimes charged in this case; and that the defendant occupied or controlled the premises in question and thus had the opportunity to commit the crime.

> If you believe this evidence, you may consider it, but only for the limited purposes for which it was received. You may not convict him on the present charge because he had been placed on probation in the past.

Defendant argues the wording of this instruction constituted "a mandate that the State had actually established these elements [of knowledge and opportunity] beyond a reasonable doubt." We disagree. The trial court clearly indicated that (1) the jurors could decide whether or not they found Officer Stephens' testimony to be credible, (2) their consideration of the testimony was limited to defendant's knowledge and opportunity to commit the crime, and (3) they could not "convict [defendant] on the present charge because he had been placed on probation in the past." This argument is without merit.

Defendant also argues Officer Stephen's testimony should have been excluded under N.C. Gen. Stat. § 8C-1, Rule 403. Rule 403 allows relevant evidence to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2003). Other evidence linking defendant to the residence included a cable receipt for 10701 Lee Road bearing defendant's name, the fact

that defendant's ID card was found in the residence (although the card itself listed a different address), and the possibility that individuals on the video-tape spoke defendant's nickname. Given the relative weakness of such evidence, the trial court correctly concluded that the probative value of Officer Stephen's testimony, which tended to show that defendant occupied the premises in question, substantially outweighed its prejudicial effect. This argument is overruled.

[2] Defendant's next argument is that the trial court committed plain error by failing to instruct the jury with respect to constructive possession of a controlled substance where possession of the premises is non-exclusive. " 'Constructive possession exists when a person,' although not having actual possession of the controlled substance, 'has the intent and capability to maintain control and dominion over [the] controlled substance.' " *State v. Frazier,* 142 N.C. App. 361, 367, 542 S.E.2d 682, 687 (2001) (quoting *State v. Neal,* 109 N.C. App. 684, 686, 428 S.E.2d 287, 289 (1993)). Constructive possession of drugs may be established by evidence the defendant has exclusive possession of the property where the drugs are located. *Id.* However, our Supreme Court has stated that "where possession of the premises is nonexclusive, constructive possession of the contraband materials may not be inferred without other incriminating circumstances." *State v. Brown,* 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984). Defendant argues the trial court should have instructed the jury regarding the need to find "other incriminating circumstances" if it concluded defendant did not possess the premises exclusively. Defendant did not object to the instructions as given or request a special instruction. He therefore is entitled to relief only if the court's failure to give such an instruction *sua sponte* constitutes plain error. N.C. R. App. P. 10(c)(4) (2004). Plain error occurs where, "after reviewing the entire record, it can be said the claimed error is a 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted). Thus, "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Id.* at 661, 300 S.E.2d at 378-79.

The trial court properly instructed the jury on the elements of each crime charged, and it gave the following pattern jury instruction regarding constructive possession:

> A person has constructive possession of a substance if he does not have it on his person, but is aware of its presence, and has either by himself, or together with others, both the power and the

intent to control its disposition or use. A person's awareness of the presence of a substance and his power, intent to control its disposition or use may be shown by direct evidence, or may be inferred from the circumstances.

If you find from the evidence beyond a reasonable doubt that a substance was found in or at certain premises, and the defendant exercised control over those premises, whether or not he owned it, this would be a circumstance from which you may infer that the defendant was aware of the presence of the substance, and had the power and the intent to control its disposition or use.

We conclude the trial court's instructions with respect to constructive possession, coupled with other evidence of incriminating circumstances, such as the discovery of defendant's ID card six inches from the cocaine, is sufficient to allow the jury to determine whether defendant constructively possessed the cocaine. We do not believe the jury was likely to have reached a different verdict had a special instruction been given. *See id.* This argument is overruled.

Defendant's next argument is that the trial court erred by denying his motion to dismiss all the charges against him at the close of the State's evidence for insufficiency of the evidence. Upon a motion to dismiss criminal charges for insufficiency of the evidence, the trial court must determine whether there is substantial evidence of defendant's guilt of each essential element of the crime. *State v. Holland*, 161 N.C. App. 326, 328, 588 S.E.2d 32, 34 (2003). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 328, 588 S.E.2d at 34-35 (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). The evidence is considered in the light most favorable to the State, and the State is entitled to every reasonable inference arising from it. *Id.* The trial court does not weigh the evidence or determine witnesses' credibility. "It is concerned 'only with the sufficiency of the evidence to carry the case to the jury.' " *State v. Thaggard*, 168 N.C. App. 263, 281, 608 S.E.2d 774, 786 (2005) (quoting *State v. Lowery*, 309 N.C. 763, 766, 309 S.E.2d 232, 236 (1983)).

[3] Defendant argues the trial court should have granted his motion to dismiss the charges of trafficking in cocaine by possession and possession with intent to sell and deliver cocaine due to insufficient evidence of his constructive possession of the cocaine. We disagree. The testimony of defendant's probation officer that he lived at 10701 Lee Road, which we have deemed properly admitted, was sufficient

to allow the jury to determine whether defendant lived at that address. *See State v. James*, 60 N.C. App. 529, 532, 299 S.E.2d 451, 453 (1983) (stating that "[t]he weight and credibility of the testimony are matters for the jury"). Although defendant may not have possessed the premises exclusively, there was evidence of other incriminating circumstances, including (1) defendant's ID card found on the same dresser as the cocaine and the digital scales, and (2) the video of a party at the premises in which people spoke defendant's nickname. We conclude there was sufficient evidence of defendant's possession of the premises and "other incriminating circumstances," *Brown*, 310 N.C. at 569, 313 S.E.2d at 589, to allow the jury to determine whether defendant constructively possessed the cocaine. This argument is overruled.

**[4]** Defendant also argues the trial court should have granted his motion to dismiss the charge of maintaining a dwelling for the keeping or selling of cocaine.

> To obtain a conviction for knowingly and intentionally maintaining a place used for keeping and/or selling controlled substances under N.C. Gen. Stat. § 90-108(a)(7), the State has the burden of proving the defendant: (1) knowingly or intentionally kept or maintained; (2) a building or other place; (3) being used for the keeping or selling of a controlled substance.

*Frazier*, 142 N.C. App. at 365, 542 S.E.2d at 686. According to *Frazier*, to determine whether a person keeps or maintains a place under N.C. Gen. Stat. § 90-108(a)(7), we must consider the following factors, none of which are dispositive: "occupancy of the property; payment of rent; possession over a duration of time; possession of a key used to enter or exit the property; and payment of utility or repair expenses." *Id.* Here, there was evidence that defendant occupied the property for a period of time and paid for cable services. His probation officer visited him at the property five weeks prior to the execution of the search warrant, and defendant confirmed it was his residence. Considering this evidence in the light most favorable to the State, the trial judge properly found that a reasonable jury could conclude that defendant kept or maintained this property.

To determine whether the residence was used for keeping and selling a controlled substance depends on " 'the totality of the circumstances.' " *Id.* at 366, 542 S.E.2d at 686 (quoting *State v. Mitchell*, 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994)). Factors that might be considered include: "a large amount of cash being found in the place; a

defendant admitting to selling controlled substances; and the place containing numerous amounts of drug paraphernalia." *Id.* Here, although neither a large amount of cash was found in the residence nor did defendant admit to selling cocaine, there was other evidence indicating controlled substances were being sold from the residence. A set of digital scales was found on the same dresser as the two plastic bags of cocaine, which Officer Johnson testified were of the type frequently used to weigh controlled substances for sale. Defendant's ID card was found on the dresser six inches away from the two bags of cocaine. Three pieces of scrap paper were found in the bedroom listing initials and corresponding dollar amounts, which the jury could infer was a list of customers and their orders or debts. These circumstances would allow a reasonable jury to conclude that the residence in question was being used for keeping or selling controlled substances. The trial court therefore properly denied defendant's motion to dismiss the charge of maintaining a dwelling for keeping or selling cocaine.

**[5]** Finally, defendant argues the trial court erroneously enhanced his sentence based on its finding that he committed the crime while on probation. In *Blakely v. Washington,* 542 U.S. 296, 159 L. Ed. 2d 403 (2004), and in the North Carolina Supreme Court's recent ruling in *State v. Allen,* 359 N.C. 425, 615 S.E.2d 256 (2005), "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen,* 359 N.C. at 437, 615 S.E.2d at 265. This Court has recently held that a defendant's probationary status, used to increase a defendant's prior record level, was "a fact other than a prior conviction" and therefore was required to be submitted to a jury and proved beyond a reasonable doubt. *State v. Wissink,* 172 N.C. App. 829, —— S.E.2d —— (2005), *temp. stay allowed,* 360 N.C. 77, —— S.E.2d ——, (2005). While we believe the same "procedural safeguards" which attach to the "fact" of a prior conviction, *see Apprendi v. New Jersey,* 530 U.S. 466, 488-90, 147 L. Ed. 2d 435, 454-55 (2000), also attach to the "fact" of whether a defendant is on supervised probation, we are bound by the decision in *Wissink, In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and must hold that the trial court erred "by adding a point to defendant's prior record level without first submitting the issue to a jury." *Wissink,* 172 N.C. App. at 837, —— S.E.2d at ——. Therefore, we must remand these cases to the trial court for resentencing.

No error in the trial.

Remanded for resentencing.

Judges BRYANT and GEER concur.