STATE OF NORTH CAROLINA v. DWAYNE MOESHUN PRINGLE, Defendant

No. COA09-1246

(Filed 15 June 2010)

**Jury— instructions—conspiracy—no error**
    The trial court did not commit error, much less plain error, in its instructions to the jury on the charge of conspiracy by not specifically naming the individual with whom defendant was alleged to have conspired. The trial court's instruction was in accord with the material allegations in the indictment and the evidence presented at trial.

Appeal by defendant from judgments entered 27 February 2009 by Judge Lindsay R. Davis in Guilford County Superior Court. Heard in the Court of Appeals 14 April 2010.

*Attorney General Roy Cooper, by David L. Elliot, Director, Victims and Citizens Services, for the State.*

*David L. Neal for defendant-appellant.*

HUNTER, Robert C., Judge.

Dwayne Moeshun Pringle ("defendant") appeals from judgments entered 27 February 2009 after a jury found him guilty of: (1) conspiracy to commit robbery with a dangerous weapon and (2) robbery with a dangerous weapon. After careful review, we find no error.

## Background

The evidence at trial tended to show that Officer John Ludemman ("Officer Ludemman") of the Greensboro Police Department was on duty the night of 4 June 2008 as part of a "robbery suppression team" that was conducting surveillance in areas that had recently experi-

enced an increase in commercial robberies. Shortly after midnight, Officer Ludemman saw a group of "young black males" standing in a dark area next to the Great Stops gas station. Officer Ludemman pulled his car into a nearby parking lot and continued to observe the men. Once there were no customers inside the gas station, Officer Ludemman saw the three men tie something over their faces and run inside the store. Officer Ludemman could not see the cash register area, but he saw the men moving around inside the gas station, placing items into a backpack. Dale Coggeshall ("Mr. Coggeshall"), the only clerk on duty at the gas station during the robbery, testified that the men took cigars as well as cash from a safe, a cash register, and Mr. Coggeshall's wallet. A handgun was brandished during the robbery.

Officer Ludemman began pursuing the men after they exited the gas station and subsequently apprehended them at the Hilton Place apartment complex. Defendant was one of the three men arrested. Upon searching the complex, Officer Ludemman discovered a 9mm pistol. The video tape of the robbery established that defendant was the person who displayed the gun during the robbery.

On 7 July 2008, defendant was indicted on charges of conspiracy to commit robbery with a dangerous weapon and robbery with a dangerous weapon. Defendant filed a motion in *limine* to prevent Mr. Coggeshall from testifying regarding his identification of defendant, which was granted after a hearing.[1] Defendant claims that Mr. Coggeshall's trial testimony changed in some respects from his hearing testimony, but admits that his testimony was "consistent . . . with regard to the basic outlines of the robbery."

On 27 February 2009, defendant was found guilty by a jury of both charges. The trial court determined that defendant was a record level two offender for purposes of sentencing and defendant was sentenced to 67 to 90 months imprisonment for the robbery conviction, and 23 to 37 months imprisonment for the conspiracy conviction. Defendant's sentence was in the presumptive range and defendant was given credit for time served prior to entry of the judgment.

## Analysis

Defendant's appellate counsel states he is "unable to identify an issue to support a meaningful argument for relief on appeal" and "finds the appeal to be without merit." Counsel requests this Court to

---

1. Defendant's motion in *limine* is not contained in the record.

"fully examine the record on appeal for possible prejudicial error and to determine whether counsel overlooked any issue . . . ." In accord with the holdings of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), defense counsel wrote a letter to defendant on 4 November 2009, advising defendant of counsel's inability to find "an issue to raise on appeal that [he] thought had merit[,]" and of counsel's request for this Court to conduct an independent review of the record. Defense counsel informed defendant that he could file his own brief directly with the Court and offered his assistance should defendant choose to do so.

Defense counsel has substantially complied with the requirements of *Anders* and *Kinch*; accordingly, we must fully "review the record for any prejudicial error." *Kinch*, 314 N.C. at 101, 331 S.E.2d at 666. Defendant's appellate counsel directs our attention to three potential issues: (1) whether the trial court committed reversible error when it denied defendant's motion to strike the trial testimony of Mr. Coggeshall because his testimony was somewhat altered from his testimony at the hearing on defendant's motion in *limine*; (2) whether the trial court committed reversible error by failing to sentence in the mitigated range; and (3) whether the trial court committed plain error in its instructions to the jury on the charge of conspiracy by not specifically naming the individual with whom defendant was alleged to have conspired.[2] Defendant has not raised any arguments on his own behalf. After careful review of the entire record and issues identified by counsel, we are unable to find any error at the trial or sentencing phase of this case; however, because the third issue brought to our attention by defense counsel is not wholly frivolous, we will address the issue.

The indictment charging defendant with conspiracy to commit robbery with a dangerous weapon states:

The jurors for the State upon their oath present that on or about the date of offense shown above and in the county named above the defendant named above unlawfully, willfully and feloniously did conspire with Jimon Dollard and another unidentified male to

---

2. We note that this case differs from *State v. Grady*, 136 N.C. App. 394, 398, 524 S.E.2d 75, 78, *appeal dismissed and disc. review denied*, 352 N.C. 152, 544 S.E.2d 232 (2000), where this Court held that defense counsel subjects defendant's appeal to dismissal where counsel argues an assignment of error and concurrently requests a "partial" *Anders* review. Here, defense counsel raised potential issues, as encouraged by the Supreme Court in *Anders*, but explicitly stated that he found no merit in any of the issues and requested a full *Anders* review.

commit the felony of Robbery with a Dangerous Weapon (North Carolina General Statute 14-87) against Dale Coggeshall and the Great Stops Convenience Store on West Market Street, Greensboro, North Carolina.

During its charge to the jury regarding the crime of conspiracy to commit robbery with a dangerous weapon, the trial court stated:

The defendant has been charged with feloniously conspiring to commit robbery with a dangerous weapon. Again, a firearm is a dangerous weapon. For you to find the defendant guilty of this offense the State must prove three things beyond a reasonable doubt.

First, that the defendant and at least one other person entered into an agreement.

Second, that the agreement was to commit robbery with a dangerous weapon, the elements of which have already [been] described to you.

And third, that the defendant and such other person or persons intended that the agreement be carried out at the time it was made.

. . . .

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant agreed with at least one other person to commit robbery with a dangerous weapon and that the defendant and such other person or persons intended at the time the agreement was made that it would be carried out, then it would be your duty to return a verdict of guilty.

Defense counsel points out that the jury instructions do not specifically name Jimon Dollard as the person with whom defendant conspired; rather, the trial court instructed that the jury could find defendant guilty of the conspiracy offense if it determined that defendant had conspired "with at least one other person to commit robbery with a dangerous weapon . . . ." Defense counsel did not object to the trial court's instruction. Accordingly, we review the instruction for plain error. "In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983).

It is well established that where an indictment charging a defendant with conspiracy names specific individuals with whom the defendant is alleged to have conspired and the evidence at trial shows the defendant may have conspired with persons other than those named in the indictment, it is error for the trial court to instruct the jury that it may find the defendant guilty of conspiracy based upon an agreement with persons not named in the indictment. *See State v. Mickey*, 207 N.C. 608, 610-11, 178 S.E. 220, 221-22 (1935) (holding the trial court erred in instructing the jury that it may find the defendant guilty if the jury found the defendant had conspired with the two co-conspirators named in the indictment, "or both of them, or others," where evidence tended to show a conspiracy between the defendant and some person other than the named co-conspirators); *State v. Minter*, 111 N.C. App. 40, 42-43, 432 S.E.2d 146, 148 (holding the trial court erred when it instructed the jury that it may find the defendant guilty of conspiracy if the jury found the defendant "agreed with at least one other person" where the indictment charged the defendant with conspiring with a single named individual and the evidence tended to show the defendant "may have conspired with a number of persons, not just the named co-conspirator, to commit an unlawful act"), *cert. denied*, 335 N.C. 241, 439 S.E.2d 158 (1993).

However, our Supreme Court has found no error where the trial court instructed the jury that it may find a defendant guilty of conspiracy without limiting the instruction to only those persons named in the indictment. *State v. Johnson*, 337 N.C. 212, 223-24, 446 S.E.2d 92, 99 (1994). In *Johnson*, the indictment stated that the defendant conspired with Debbie Hemmert and Rebecca Hill; however, the trial court did not include the women's names in its charge to the jury. *Id.* at 224, 446 S.E.2d at 99. There, the evidence presented at trial tended to establish that the defendant conspired with only those persons named in the indictment. *Id.* Furthermore, the co-conspirators testified for the State, and their testimony corroborated the other's account of the conspiracy. *Id.* We interpret *Johnson* to mean that during jury instructions the trial court need not specifically name the individuals with whom defendant was alleged to have conspired so long as the instruction comports with the material allegations in the indictment and the evidence presented at trial. In *Mickey* and *Minter*, unlike in *Johnson* and the present case, the evidence at trial tended to show that the defendant may have conspired with other individuals not named in the indictment. *Mickey*, 207 at 610-11, 178 S.E. at 221-22; *Minter*, 111 N.C. App. at 42-43, 432 S.E.2d at 148. The trial

court then instructed the jury that it could find defendant guilty if it determined that defendant had conspired with other people not named in the indictment. *Id.* The instructions, therefore, were erroneous because they sought to "put the defendant on trial for an offense additional to that named in the bill of indictment." *Minter,* 111 N.C. App. at 43, 432 S.E.2d at 148.

The indictment in the case *sub judice* alleged that defendant conspired with "Jimon Dollard and another unidentified male" and the trial court instructed the jury that it could find defendant guilty of conspiracy if the jury found defendant conspired with "at least one other person." The evidence at trial tended to show that defendant and two other men entered into a conspiracy to commit robbery with a dangerous weapon. One of the other men was specifically identified by the testifying officers as "Jimon Dollard," the second suspect arrested by officers after they pursued the three men seen robbing the gas station. The third man evaded capture and was never identified. Here, as in *Johnson,* the trial court's instruction did not limit the conspiracy to only those individuals named in the indictment. Nevertheless, the trial court's instruction was in accord with the material allegations in the indictment and the evidence presented at trial. Consequently, we find no error, much less plain error, in the trial court's instruction.

No Error.

Judges GEER and STEPHENS concur.