IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-400

 Filed: 7 April 2020

Mecklenburg County, Nos. 16CRS027739, 027741, 235955

STATE OF NORTH CAROLINA

 v.

FABIOLA ROSALES CHAVEZ

 Appeal by Defendant from judgments entered 29 November 2018 by Judge

Joseph N. Crosswhite in Mecklenburg County Superior Court. Heard in the Court of

Appeals 30 October 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Asher Spiller,
 for the State-Appellee.

 Marilyn G. Ozer for Defendant-Appellant.

 COLLINS, Judge.

 Defendant appeals from judgments entered upon jury verdicts of guilty of

attempted first-degree murder, conspiracy to commit first-degree murder, and

assault with a deadly weapon with intent to kill inflicting serious injury. Defendant

argues that the trial court: (1) erred by denying Defendant’s motions to dismiss the

conspiracy charge; (2) committed plain error in the delivery of jury instructions; and

(3) plainly erred by admitting hearsay evidence that violated Defendant’s right to

confrontation. As the trial court incorrectly instructed the jury on the law of
 STATE V. CHAVEZ

 Opinion of the Court

conspiracy to commit first-degree murder, we discern plain error and award a new

trial on the conspiracy conviction. However, as to the issues concerning the denial of

Defendant’s motions to dismiss and the admission of hearsay evidence, we discern no

error.

 I. Procedural and Factual Background

 On 3 October 2016, Defendant Fabiola Rosales Chavez was indicted on two

counts of attempted first-degree murder, one count of conspiracy to commit

first-degree murder, two counts of assault with a deadly weapon with intent to kill

inflicting serious injury, and one count of first-degree burglary. The conspiracy

indictment stated, “[t]he jurors for the State upon their oath present that on or about

the 21st day of September, 2016, in Mecklenburg County, Fabiola Rosales Chavez did

unlawfully, willfully, and feloniously conspire with Carlos Roberto Manzanares to

commit the felony of First Degree Murder[.]” Orders for Defendant’s arrest were

issued on 6 October 2016.

 On 26 November 2018, the State dismissed one count of attempted first-degree

murder, one count of assault with a deadly weapon with intent to kill inflicting

serious injury, and the single count of first-degree burglary. That same day,

Defendant’s case came on for trial.

 The evidence at trial tended to show: On 21 September 2016, Defendant, along

with Carlos Manzanares (“Carlos”) and a second, unidentified male, entered the home

 2
 STATE V. CHAVEZ

 Opinion of the Court

of Roberto Hugo Martinez (“Roberto”). Defendant and the two men were armed with

a machete and a hammer. Roberto was asleep in bed with his girlfriend, Maria

Navarro (“Maria”), and Maria’s 16-month-old infant. Roberto and Maria were

awakened when the bedroom lights flashed on, and Maria observed Defendant and

the two men enter the room. Maria testified that she heard Defendant say, “nobody

laughs at me. Nobody makes fun of me, and I’m here to kill you.” Maria witnessed

Defendant throw the machete at Roberto, and then watched Carlos and the

unidentified male strike and kick Roberto repeatedly. One of the men took the

machete and hit Roberto in the head with it. After Roberto fell to the ground, “[t]hey

hit him. They kicked him. They hit him in the head with the machete and with the

hammer.”

 Carlos and the unidentified male beat Roberto until he was unconscious, and

then Carlos told Maria to flee because, “[i]f you stay here [Defendant] will kill you.”

Maria grabbed her baby, ran from the apartment, and began knocking on doors in

search of help. Maria also called 911 and reported that someone was trying to kill

her. Defendant and Carlos pursued Maria outside and caught up to her in a parking

lot, where Defendant told Carlos to kill Maria because she had called the police.

Carlos refused Defendant’s directive to kill Maria, and Defendant fled the parking

lot. Carlos remained in the parking lot with Maria until law enforcement arrived.

 3
 STATE V. CHAVEZ

 Opinion of the Court

 On 29 November 2018, the jury found Defendant guilty on all charges. The

trial court sentenced Defendant to 132-171 months’ imprisonment for the attempted

first-degree murder conviction; 132-171 months’ imprisonment for the conspiracy to

commit first-degree murder conviction, to be served consecutively to the first

sentence; and 72-99 months’ imprisonment for the assault with a deadly weapon with

intent to kill inflicting serious injury conviction, to be served consecutively to the

second sentence. From entry of judgment, Defendant gave proper notice of appeal.

 II. Discussion

 Defendant argues on appeal that the trial court (1) erred by denying

Defendant’s motion to dismiss the conspiracy charge; (2) plainly erred by instructing

the jury, and accepting its verdict of guilty, on the offense of conspiracy to commit

first-degree murder; and (3) plainly erred by admitting hearsay evidence that violated

Defendant’s right to confrontation.

1. Motion to Dismiss Conspiracy Charge

 Defendant first argues that the trial court erred by denying her motion to

dismiss for insufficient evidence the charge of conspiracy to commit first-degree

murder.

 It is apparent from the record that Defendant did not move to dismiss the

conspiracy charge at the close of all evidence but, instead, explicitly stated “that [the

conspiracy] count should be allowed to go forward” because “conspiracy is very easy

 4
 STATE V. CHAVEZ

 Opinion of the Court

for the State to prove[.]” Because Defendant failed to move to dismiss the conspiracy

to commit first-degree murder charge, Defendant has failed to preserve this

argument for our review. N.C. R. App. P. 10(a)(3) (“In order to preserve an issue for

appellate review, a party must have presented to the trial court a timely request,

objection, or motion [and] . . . obtain a ruling upon the party’s request, objection, or

motion.”).

 In the alternative, Defendant requests that we invoke Rule 2 and determine

whether there was sufficient evidence to support the conspiracy charge. An appellate

court may address an unpreserved argument “[t]o prevent manifest injustice to a

party, or to expedite decision in the public interest[.]” N.C. R. App. P. 2. However,

“the authority to invoke Rule 2 is discretionary, and this discretion should only be

exercised in exceptional circumstances in which a fundamental purpose of the

appellate rules is at stake.” State v. Pender, 243 N.C. App. 142, 149, 776 S.E.2d 352,

358 (2015) (internal quotation marks, citations, and ellipsis omitted). This case does

not involve exceptional circumstances, and we, in our discretion, decline to invoke

Rule 2.

 Also in the alternative, Defendant argues that her trial counsel rendered

ineffective assistance of counsel (“IAC”) by failing to move to dismiss the charge of

conspiracy to commit first-degree murder.

 5
 STATE V. CHAVEZ

 Opinion of the Court

 Claims of IAC generally should be considered through motions for appropriate

relief. State v. Stroud, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). However,

we may decide the merits of this claim because the trial transcript reveals that no

further investigation is required. See State v. Fair, 354 N.C. 131, 166, 557 S.E.2d

500, 524 (2001) (“IAC claims brought on direct review will be decided on the merits

when the cold record reveals that no further investigation is required . . . .”). “On

direct appeal, [this Court] . . . limits its review to material included in the record on

appeal and the verbatim transcript of proceedings, if one is designated.” Id. at 166,

557 S.E.2d at 524-25 (quotation marks and citation omitted).

 To prevail on a claim for IAC, a defendant must satisfy a two-part test:

 “First, the defendant must show that counsel’s
 performance was deficient. This requires showing that
 counsel made errors so serious that counsel was not
 functioning as the ‘counsel’ guaranteed the defendant by
 the Sixth Amendment. Second, the defendant must show
 that the deficient performance prejudiced the defense.
 This requires showing that counsel’s errors were so serious
 as to deprive the defendant of a fair trial, a trial whose
 result is reliable.”

State v. Banks, 367 N.C. 652, 655, 766 S.E.2d 334, 337 (2014) (quoting Strickland v.

Washington, 466 U.S. 668, 687 (1984)).

 An attorney’s failure to move to dismiss a charge is not ineffective assistance

of counsel when the evidence is sufficient to defeat the motion. State v. Gayton-

Barbosa, 197 N.C. App. 129, 141, 676 S.E.2d 586, 594 (2009). “[A] court hearing an

ineffectiveness claim must consider the totality of the evidence before the judge or

 6
 STATE V. CHAVEZ

 Opinion of the Court

jury.” Strickland, 466 U.S. at 695. “[I]f a reviewing court can determine at the outset

that there is no reasonable probability that in the absence of counsel’s alleged errors

the result of the proceeding would have been different, then the court need not

determine whether counsel’s performance was actually deficient.” State v. Braswell,

312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

 A conspiracy is an “agreement between two or more persons to do an unlawful

act or to do a lawful act in an unlawful way or by unlawful means.” State v. Gibbs,

335 N.C. 1, 47, 436 S.E.2d 321, 347 (1993) (citations omitted). An agreement must

be shown to prove a conspiracy, but the agreement may be an implied agreement

“generally inferred from . . . the surrounding facts and circumstances, rather than

established by direct proof.” State v. Fleming, 247 N.C. App. 812, 819, 786 S.E.2d

760, 766 (2016) (citing State v. Whiteside, 204 N.C. 710, 712-13, 169 S.E. 711, 712

(1933)). Direct proof of a conspiracy is “not essential, as such is rarely obtainable.”

State v. Winkler, 368 N.C. 572, 576, 780 S.E.2d 824, 827 (2015) (citation omitted).

Thus, circumstantial evidence is permitted to find a conspiracy. Id.

 Moreover, our Courts have determined that a simultaneous attack on a victim

or attacking a victim in a coordinated manner is sufficient to present the charge of

conspiracy to the jury. See State v. Lamb, 342 N.C. 151, 156, 463 S.E.2d 189, 191

(1995) (determining “substantial evidence from which the jury could find the robbery

was carried out pursuant to a common plan” to support the finding of guilty of

 7
 STATE V. CHAVEZ

 Opinion of the Court

conspiracy where the defendant and two other men drove to a victim’s home, robbed

and shot the victim, and there was no other evidence of discussion or planning of the

crime between the men); see also State v. Reid, 175 N.C. App. 613, 622-23, 625 S.E.2d

575, 584 (2006) (finding substantial evidence of conspiracy where the defendant and

two other men dragged the victim from his home, shot the victim in the back, and left

the home together after finding no money or drugs in the victim’s home).

 Here, there was substantial evidence of a conspiracy between Defendant and

Carlos to commit murder of Roberto. Maria testified that Defendant and two other

men, one of whom was Carlos, came into Roberto’s bedroom and attacked them.

Maria testified that Defendant and the two men were armed with a machete and a

hammer, that “the other two men came in and started hitting [Roberto], kicking

him[,]” and that “[o]ne of them took [the machete] from [Defendant] to hit Roberto in

the head with it.” “[The guys] hit him. They kicked him. They hit him in the head

with the machete and with the hammer.” Maria then positively identified a photo of

Carlos, explaining that “[h]e’s one of the guys who attacked Roberto.”

 Maria further testified,

 [Defendant] grabbed me by the hair and she was pulling
 me up. . . . [A]nd she said, I’m going to kill you. And that’s
 when [Carlos] interfered and [Carlos] said, no you’re not
 going to -- you -- I’m -- you’re not going to do that because
 you told me here, we were here for something different, and
 I’m not going to mess with a mother and a child.

 8
 STATE V. CHAVEZ

 Opinion of the Court

This testimonial evidence supports that Defendant and Carlos entered into an

agreement to commit murder of Roberto. Whiteside, 204 N.C. at 712-13, 169 S.E. at

712. Maria’s testimony also shows a simultaneous, coordinated attack on Roberto

and Maria, which provides circumstantial evidence of an agreement to commit

murder between Defendant and Carlos. Lamb, 342 N.C. at 155-56, 463 S.E.2d at 191.

Taken together, these facts and circumstances are substantial evidence showing an

agreement to commit murder between Defendant and Carlos. Whiteside, 204 N.C. at

712-13, 169 S.E. at 712; Gibbs, 335 N.C. at 47, 436 S.E.2d at 347.

 As there was substantial evidence to support the conspiracy charge, Defendant

was not prejudiced by his attorney’s failure to make a motion to dismiss the charge

of conspiracy to commit first-degree murder. Gayton-Barbosa, 197 N.C. App. at 141,

676 S.E.2d at 594. Because Defendant has shown “no reasonable probability that in

the absence of counsel’s alleged errors the result of the proceeding would have been

different,” Defendant’s argument is without merit. Braswell, 312 N.C. at 563, 324

S.E.2d at 249.

2. Jury Instruction

 Defendant next argues that the trial court erred in its instruction to the jury

on the charge of conspiracy to commit first-degree murder. Defendant specifically

argues that the trial court plainly erred by instructing the jury, and accepting its

verdict of guilty, on the offense of conspiracy to commit first-degree murder when only

 9
 STATE V. CHAVEZ

 Opinion of the Court

one co-conspirator was named in the conspiracy indictment, the State presented

evidence of two co-conspirators, and the jury instruction failed to limit the jury’s

consideration to the co-conspirator named in the indictment.

 Standard of Review

 The parties dispute the appropriate standard of review. Defendant argues

that, due to her failure to object to the jury instructions when presented at trial, the

proper standard of review on appeal is plain error. The State argues that because

Defendant did not object to the jury instructions and instead “indicat[ed] to the Court

that [s]he was satisfied with the instructions[,]” Defendant invited the error and

cannot complain about the instructions on appeal.

 The same argument the State makes here has been soundly rejected by both

of our appellate courts. In State v. Harding, 258 N.C. App. 306, 813 S.E.2d 254 (2018),

“[t]he State argue[d] that defendant [wa]s precluded from plain error review in part

under the invited-error doctrine because he failed to object, actively participated in

crafting the challenged instruction, and affirmed it was ‘fine.’” Id. at 311, 813 S.E.2d

at 259. Concluding that defendant’s argument was reviewable for plain error, this

Court stated,

 Even where the “trial court gave [a] defendant numerous
 opportunities to object to the jury instructions outside the
 presence of the jury, and each time [the] defendant
 indicated his satisfaction with the trial court’s
 instructions,” our Supreme Court has not found the

 10
 STATE V. CHAVEZ

 Opinion of the Court

 defendant invited his alleged instructional error but
 applied plain error review.

Id. (citing State v. Hooks, 353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (alterations

in original).

 Similarly, in State v. Hardy, 353 N.C. 122, 131, 540 S.E.2d 334, 342 (2000), our

North Carolina Supreme Court explained that defendant

 had ample opportunity to object to the instruction outside
 the presence of the jury. After excusing the jury to the
 deliberation room, the trial court asked, “Prior to sending
 back the verdict sheets does the State wish to point out any
 errors or omissions from the charge?” The trial court then
 asked the same of defendant, and defendant responded
 with respect to other issues but did not object to the
 instruction in question. . . . As defendant failed to preserve
 this issue by objecting during trial, we will review the
 record to determine if the instruction constituted plain
 error.

Id. (citing State v. Cummings, 326 N.C. 298, 315, 389 S.E.2d 66, 75 (1990); State v.

Morgan, 315 N.C. 626, 644, 340 S.E.2d 84, 95 (1986)).

 Here, Defendant stated, “And Your Honor, I believe under conspiracy there’s

mere presence. I want that to be read as well.” Defendant explained that the

instruction on mere presence “should be under conspiracy. If you read the conspiracy

charge, there’s a set that says that, however mere presence at the crime scene, even

with knowledge of the crime -- I have it. I’ll bring it after lunch.” The Court gave

both parties a final list of the instructions, which included acting in concert and

conspiracy. The trial court gave copies of the instructions to the State and Defendant,

 11
 STATE V. CHAVEZ

 Opinion of the Court

and instructed both parties “to look at it, make sure you’re satisfied with it . . . . Make

sure you’re okay with that.” The trial court again instructed both parties “to look

through those charges and make sure you’re satisfied, okay?”

 As in Harding and Hardy, Defendant had the opportunity to object to the jury

instructions outside the presence of the jury but failed to do so. Thus, as in Harding

and Hardy, we review the record to determine if the instruction constituted plain

error.

 [T]he plain error rule . . . is always to be applied cautiously
 and only in the exceptional case where, after reviewing the
 entire record, it can be said the claimed error is a
 “fundamental error, something so basic, so prejudicial, so
 lacking in its elements that justice cannot have been done,”
 or “where [the error] is grave error which amounts to a
 denial of a fundamental right of the accused,” or the error
 has “’resulted in a miscarriage of justice or in the denial to
 appellant of a fair trial’” or where the error is such as to
 “seriously affect the fairness, integrity or public reputation
 of judicial proceedings” or where it can be fairly said “the
 instructional mistake had a probable impact on the jury’s
 finding that the defendant was guilty.”

State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted).

 Moreover, Defendant’s request that the trial court give the “mere presence”

footnote from N.C.P.I.—202.10,1 the Acting in Concert jury instruction, did not

 1
 This footnote states as follows: “7. This paragraph should be given only where there is support
in the evidence for a finding that defendant was present at the scene of the crime. S. v. Beach, 283
N.C. 261, 267-268 (1973), states that there is an exception to the rule that mere presence does not
make one an accessory: “‘“ . . .when the bystander is a friend of the perpetrator, and knows that his
presence will be regarded by the perpetrator as an encouragement and protection, presence alone may

 12
 STATE V. CHAVEZ

 Opinion of the Court

constitute invited error which waived any right to appellate review of the conspiracy

to commit first-degree murder jury instruction, including plain error review.

 In State v. Wilkinson, 344 N.C. 198, 474 S.E.2d 375 (1996), “defendant

requested that the trial court instruct the jury on depravity of mind, and the trial

court did so in conjunction with the pattern jury instruction for the (e)(9) ‘especially

heinous, atrocious or cruel’ aggravating circumstance.” Id. at 212, 474 S.E.2d at 382

(citation omitted). Defendant “submitted a proposed instruction in writing which

referred to ‘a circumstance which makes a murder unusually heinous, atrocious, or

cruel.’” Id. at 213, 474 S.E.2d at 383. “The trial court substituted the word ‘especially’

for ‘unusually’ to ensure that the ‘heinous, atrocious, or cruel’ aggravating

circumstance was labeled as provided in [N.C. Gen. Stat.] § 15A-2000(e)(9).” Id.

“Defendant stated that he had no objection to this change.” Id.

 On appeal, however, defendant argued that the trial court’s modification of his

proposed instruction was an erroneous statement of the law. Id. Our Supreme Court

explained that while Defendant’s failure to challenge the instruction at trial would

generally require him to show plain error on appeal, “this Court has consistently

denied appellate review to defendants who have attempted to assign error to the

granting of their own requests.” Id. “A criminal defendant will not be heard to

complain of a jury instruction given in response to his own request.” Id. (quoting

be regarded as an encouragement, and in contemplation of the law this was aiding and abetting.”’”
See S. v. Walden, 306 N.C. 466 (1982).”

 13
 STATE V. CHAVEZ

 Opinion of the Court

State v. McPhail, 329 N.C. 636, 643, 406 S.E.2d 591, 596 (1991) (other citations

omitted)).

 The Supreme Court concluded, “[h]ere, defendant requested an instruction on

depravity and agreed to the substitution of the word ‘especially’ for the word

‘unusually.’ Since [defendant] asked for the exact instruction that he now contends

was prejudicial, any error was invited error. Therefore, this assignment is without

merit and is overruled.” Id. at 214, 474 S.E.2d at 383 (quoting McPhail, 329 N.C. at

644, 406 S.E.2d at 596-97) (internal quotation marks omitted); see also State v. White,

349 N.C. 535, 570, 508 S.E.2d 253, 275 (1998) (explaining that the defendant “will

not be heard to complain on appeal” when the defendant requested a specific jury

instruction, “did not object when given the opportunity either at the charge

conference or after the charge had been given[,]” and, in fact, “affirmatively approved

the instructions during the charge conference”) (citing Wilkinson, 344 N.C. at 213,

474 S.E.2d at 396).

 The present case is materially distinguishable from Wilkinson and White and

compels the opposite result. Here, Defendant requested, and received, a “mere

presence” instruction as part of the acting in concert instruction, which was given

with the jury instruction on first-degree murder. Defendant does not challenge the

“mere presence” instruction, or the first-degree murder instruction for that matter,

but instead challenges the conspiracy to commit murder instruction, which was given

 14
 STATE V. CHAVEZ

 Opinion of the Court

according to the pattern instruction. As Defendant did not request the conspiracy

instruction, but merely consented to it, Defendant did not invite error like the

defendant in Wilkinson, and is entitled to plain error review like the defendants in

Harding and Hardy.

 Analysis

 The North Carolina Constitution provides that “[i]n all criminal prosecutions,

every person charged with crime has the right to be informed of the accusation”

against him. N.C. Const. Art. I, sec. 23. In State v. Mickey, 207 N.C. 608, 178 S.E.

220 (1935), our Supreme Court held that the trial court’s jury instruction on

conspiracy violated the defendant’s constitutional right to be informed of the

accusation against him, that the instruction “virtually put[] the defendant upon trial

for an additional offense to that named in the bill,” and ordered a new trial. Id. at

609, 178 S.E. at 221. In Mickey, the defendant was indicted for conspiracy to commit

murder, and the indictment included two named co-conspirators, Griffin and Murphy.

In its charge, the trial court instructed the jury that it could find the defendant guilty

if it found that he “agree[d] together with Griffin or Murphy, or both of them, or others

to do an unlawful thing . . . .” Id. Our Supreme Court held that the instruction was

error because the bill of indictment “nowhere contains the words ‘others’ or ‘another,’

or any other word or phrase indicating a charge against the defendant of conspiring

with any other person or persons than Murphy and Griffin.” Id.

 15
 STATE V. CHAVEZ

 Opinion of the Court

 Similarly, in State v. Minter, 111 N.C. App. 40, 432 S.E.2d 146 (1993), this

Court determined that the trial court “erred in instructing the jury that they could

find the defendant guilty of conspiracy without limiting the conspiracy to one with

the co-conspirator [] named in the indictment . . . .” Id. at 42, 432 S.E.2d at 148. In

Minter, the defendant was indicted for conspiracy and the indictment named his

co-conspirator, Branch. At trial, the evidence tended to show that the defendant may

have conspired with multiple people, not just Branch, to commit an unlawful act. The

trial court instructed the jury that it could find the defendant guilty if it found that

the defendant “agreed with at least one other person . . . to commit the offense and

that the defendant and at least one other person intended” to carry out the agreement.

Id. (brackets omitted). On appeal, this Court determined that the charge violated

Art. I, sec. 23 of the state Constitution because it “put the defendant on trial for an

offense additional to that named in the bill of indictment” and ordered a new trial.

Id. at 43, 432 S.E.2d at 148; see also State v. Turner, 98 N.C. App. 442, 448, 391 S.E.2d

524, 527 (1990) (explaining that while the State’s evidence of conspiracy supported

“the trial court’s instruction . . . the indictment does not[,]” and, as a result,

“award[ing] defendant a new trial on the conspiracy charge.”).

 Recently, this Court in State v. Pringle, 204 N.C. App. 562, 694 S.E.2d 505

(2010) explained,

 “[i]t is well established that where an indictment charging
 a defendant with conspiracy names specific individuals

 16
 STATE V. CHAVEZ

 Opinion of the Court

 with whom the defendant is alleged to have conspired and
 the evidence at trial shows the defendant may have
 conspired with persons other than those named in the
 indictment, it is error for the trial court to instruct the jury
 that it may find the defendant guilty of conspiracy based
 upon an agreement with persons not named in the
 indictment.”

Id. at 566, 694 S.E.2d at 507 (citing to Mickey, 207 N.C. at 610-11, 178 S.E. at 221-22,

and Minter, 111 N.C. App. at 42-43, 432 S.E.2d at 148).

 However, a trial court does not err when it fails to name in the jury instruction

the specific individuals named in an indictment, if the indictment, evidence, and

instructions are in accord. Id. at 566-67, 694 S.E.2d at 508. In Pringle, the defendant

was indicted on the charge of conspiracy to commit robbery with “Jimon Dollard and

another unidentified male . . . .” Id. at 567, 694 S.E.2d at 508. During the jury charge,

the trial court instructed the jury that it could find the defendant guilty if it found

that the defendant agreed “with at least one other person to commit robbery . . . .” Id.

at 565, 694 S.E.2d at 507. The evidence at trial tended to show that the defendant

conspired with Dollard and one other man, and this Court explained that “during jury

instructions the trial court need not specifically name the individuals with whom

defendant was alleged to have conspired so long as the instruction comports with the

material allegations in the indictment and the evidence presented at trial.” Id. at

566, 694 S.E.2d at 508. Pringle reaffirmed Mickey and Minter, explaining that in

those cases the evidence at trial tended to show that the defendant may have

conspired with other individuals not named in the indictment; thus, the indictment,

 17
 STATE V. CHAVEZ

 Opinion of the Court

evidence, and jury instruction were not “in accord” and the trial courts in Mickey and

Minter erred in delivering the jury instructions. Pringle, 204 N.C. App. at 566-67,

694 S.E.2d at 508.

 Here, as in Minter, Defendant was indicted for conspiracy to commit

first-degree murder with a single named co-conspirator—Carlos Manzanares. At

trial, however, the State provided evidence that Defendant conspired with two people:

Carlos and another unidentified male.

 The State first introduced Officer Terry Weaver with the Charlotte

Mecklenburg Police Department, who testified that he had been dispatched to the

scene and was the first officer to interact with Maria. Upon his arrival, Weaver spoke

with Maria and had Maria draft a written statement. Maria told Weaver that “she

was in the apartment with her child, . . . and the next thing you know, a Hispanic

female came upstairs, along with two other Hispanic males. One was carrying a

machete. Another was carrying a hammer, and they then began to assault [Roberto].”

Weaver then read Maria’s written statement to the jury, which said, “[Defendant]

came in the room saying, all right mother f[***]er I’m going to f[**]k you up. . . .

[T]hen the other two guys came in and started . . . hitting [Roberto] . . . .”

 The State next called Maria to testify and asked her to explain who came into

the bedroom on the night of the assault; Maria said “[Defendant] with two other men.”

When asked whether the men had anything with them, Maria replied “a hammer. . . .

 18
 STATE V. CHAVEZ

 Opinion of the Court

[Defendant] had a machete.” Maria explained that “[Defendant] threw the machete

at [Roberto] . . . and he tried to defend himself, and that’s when the other two men

came in and started hitting him, kicking him[,]” and that “one of them took [the

machete] from [Defendant] to hit Roberto in the head with it.” “[The guys] hit him.

They kicked him. They hit him in the head with the machete and with the hammer.”

Maria then testified that one of the two men—“the one that we don’t know anything

about,”—ran away from the apartment with the machete. When asked whether she

ever again saw the two men who came with Defendant to the apartment, Maria

answered “No, I haven’t seen them again.” Maria then positively identified a photo

of Carlos, explaining that “[h]e’s one of the guys who attacked Roberto.” The State

asked Maria whether Carlos was “the guy who stayed? Or is this the guy who left

with the machete?” Maria replied that Carlos was “[t]he one that stayed.”

 Additionally, Maria’s handwritten statement, made on the night of the attack,

along with witness testimony and a recording of Maria’s 911 phone call, is substantial

evidence that Defendant conspired with two men on the night of the attack.

 Because the indictment specifically named only Carlos as Defendant’s

co-conspirator, but the evidence presented at trial supported a finding that Defendant

conspired with Carlos and another unidentified male, the trial court erred when it

instructed the jury as follows:

 The defendant has been charged with conspiracy to commit
 murder. For you to find the defendant guilty of this offense,

 19
 STATE V. CHAVEZ

 Opinion of the Court

 the State must prove three things beyond a reasonable
 doubt. First; that the defendant and at least one other
 person entered into an agreement. Second; that the
 agreement was to commit murder. Murder is the unlawful
 killing of another with malice. And third; that the
 defendant and at least one other person intended that the
 agreement be carried out at the time it was made. The
 State is not required to prove that the murder was
 committed. If you find from the evidence beyond a
 reasonable doubt that on or about the alleged date, the
 defendant conspired with another to commit murder, and
 that the defendant and at least one other person intended
 at that time that the murder be committed, it would be
 your duty to return a verdict of guilty. If you do not so find,
 or have a reasonable doubt as to one or more of these
 things, it would be your duty to return a verdict of not
 guilty.

(emphasis added). This instruction was not “in accord,” with both the indictment and

evidence presented at trial, and thus the trial court’s instruction was error. Pringle,

204 N.C. App. at 566-67, 694 S.E.2d at 508.

 Moreover, the trial court’s error was prejudicial. Because the trial court’s

instruction put Defendant “on trial for an offense additional to that named in the bill

of indictment[,]” it violated Defendant’s right to be informed of the accusation against

her and permitted the jury to convict her upon a theory unsupported by the

indictment. Id. at 567, 694 S.E.2d at 508; N.C. Const. Art. I, sec. 23; see also Minter,

111 N.C. App. at 42-43, 432 S.E.2d at 148. This type of error has long been held to

be plain error by our Supreme Court, which explained that “it would be difficult to

say that permitting a jury to convict a defendant on a theory not legally available to

the state because it is not charged in the indictment or not supported by the evidence

 20
 STATE V. CHAVEZ

 Opinion of the Court

is not plain error even under the stringent test required to invoke that doctrine.”

State v. Tucker, 317 N.C. 532, 540, 346 S.E.2d 417, 422 (1986); see id. at 537-38, 346

S.E.2d at 420 (explaining that “[a]lthough the state’s evidence supported [the trial

court’s] instruction, the indictment does not. It is a well-established rule in this

jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury

to convict upon some abstract theory not supported by the bill of indictment.”

(citations omitted)); see also Turner, 98 N.C. App. at 448, 391 S.E.2d at 527 (“[W]e

believe that the State’s evidence does support the trial court’s instruction; however,

the indictment does not. Consequently we must award defendant a new trial on the

conspiracy charge.”).

 Because the trial court’s instructional error permitted the jury to convict

Defendant on a theory not legally available to the State, the erroneous instruction

was grave error which amounted to a denial of Defendant’s fundamental right to be

informed of the accusations against him, N.C. Const. Art. I, sec. 23, and thus the trial

court plainly erred its jury instruction on the charge of conspiracy to commit first-

degree murder. Odom, 307 N.C. at 660, 300 S.E.2d at 378. Moreover, we have

examined the charge as a whole to determine whether the error was cured, and

cannot conclude that it was. Minter, 111 N.C. App. at 43, 432 S.E.2d at 148; Mickey,

207 N.C. at 609, 178 S.E. at 221. Accordingly, we order a new trial on the conspiracy

to commit first-degree murder charge.

 21
 STATE V. CHAVEZ

 Opinion of the Court

3. Testimonial Evidence

 We next address Defendant’s contention that the trial court plainly erred by

admitting hearsay evidence that violated Defendant’s right to confrontation.

 Defendant acknowledges her failure to object at trial to the admission of

Sergeant Allison Rooks’ testimony and, pursuant to N.C. R. App. P. 10(a)(4),

specifically argues on appeal that the trial court’s admission of Rooks’ testimony

constitutes plain error. “Under the plain error rule, defendant must convince this

Court not only that there was error, but that absent the error, the jury probably would

have reached a different result.” State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692,

697 (1993) (citation omitted).

 Hearsay is a “statement, other than one made by the declarant while testifying

at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”

N.C. Gen. Stat. § 8C-1, Rule 801(c) (2018). “The Confrontation Clause of the Sixth

Amendment bars admission of testimonial evidence unless the declarant is

unavailable to testify and the accused has had a prior opportunity to cross-examine

the declarant.” State v. Locklear, 363 N.C. 438, 452, 681 S.E.2d 293, 304 (2009)

(citations omitted). However, “admission of nonhearsay raises no Confrontation

Clause concerns.” State v. Gainey, 355 N.C. 73, 87, 558 S.E.2d 463, 473 (2002)

(internal quotation marks and citations omitted).

 Defendant challenges the following exchange between the State and Rooks:

 22
 STATE V. CHAVEZ

 Opinion of the Court

 [State]: You interviewed, you said, Maria Navarro, Luis
 Martinez and Carlos Manzanares, and Fabiola Chavez. In
 your interview of Ms. Navarro and Mr. Martinez and Mr.
 Manzanares, was -- did you receive any conflicting
 information from those three individuals?

 [Rooks]: No. As far as who the other defendant was? No.

Defendant argues that Rooks’ response was a testimonial statement which was used

as an “obvious substitute for live testimony” of a codefendant, and its admission

violated Defendant’s right to confront her witnesses and ask any clarifying questions.

Defendant further argues that Rooks’ response to the State’s question was “in effect

that Martinez and Manzanares told [Rooks] that it was Fabiola Chavez who entered

the bedroom with Manzanares and the other man.” We find no merit in Defendant’s

claims.

 Rooks’ response contained no statements from Maria, Carlos, or Luis Martinez,

and certainly no statements that were used to prove the truth of the matter

asserted—the identity of the other defendant. Rooks’ response that there was no

conflict between the three witnesses could mean that all three witnesses said the

same thing; however, it could also mean that they said nothing at all about the

identity of the other defendant. As Rooks’ testimony did not contain a statement used

to prove the truth of the matter asserted, the testimony was not hearsay and its

admission “raises no Confrontation Clause concerns.” Gainey, 355 N.C. at 87, 558

S.E.2d at 473 (internal quotation marks and citations omitted).

 23
 STATE V. CHAVEZ

 Opinion of the Court

 Even assuming arguendo that Rooks’ response was hearsay and improperly

admitted at trial, the error did not have a probable impact on the jury’s finding of

guilt. Aside from Rooks’ testimony, there was sufficient evidence of Defendant’s guilt:

Maria testified for the State and provided an eyewitness account of who attacked her

on the night of the offense, and she identified both Defendant and Carlos as two of

the perpetrators. Maria’s handwritten statement, made on the night of the attack,

explicitly named Defendant as one of the perpetrators. Additionally, Officer Weaver

testified that Maria told him on the night of the attack that Defendant was one of the

people who assaulted her and Roberto and attempted to assault her baby.

 Rooks’ response was made in passing, and there was no emphasis or follow up

questions by the State. See State v. Stroud, 252 N.C. App. 200, 215, 797 S.E.2d 34,

45 (2017) (the “passing nature of the[] statements” and “the lack of emphasis or

detailed discussion of the[] comments by the prosecutor” supported the conclusion

that the admission of the testimony was not plain error). Therefore, because Rooks’

testimony was not hearsay, the trial court did not err by allowing it into evidence.

Even assuming arguendo that the trial court erred in allowing the testimony into

evidence, Defendant can show no prejudice as there was other, sufficient evidence of

her guilt. However, as we determine that the trial court did not err, it did not plainly

err, and Defendant’s argument to the contrary is overruled. See State v. Torain, 316

N.C. 111, 116, 340 S.E.2d 465, 468 (1986).

 24
 STATE V. CHAVEZ

 Opinion of the Court

 III. Conclusion

 As there was sufficient evidence to support the charge of conspiracy to commit

first-degree murder, Defendant has failed to show that her attorney’s failure to move

to dismiss prejudiced Defendant. Moreover, as Rooks’ testimony was not hearsay,

the trial court did not err in allowing the testimony into evidence. However, because

the trial court plainly erred in the delivery of jury instructions on the conspiracy to

commit first-degree murder charge, we vacate the judgment entered upon the verdict

of guilty of conspiracy to commit first-degree murder and order a new trial on that

charge.

 NO ERROR IN PART, VACATED AND NEW TRIAL IN PART, AND

REMANDED.

 Judge BROOK concurs.

 Judge TYSON concurs in part and dissents in part per separate opinion.

 25
 No. COA19-400 – State v. Chavez

 TYSON, Judge, concurring in part and dissenting in part.

 Sufficient evidence supports the jury’s conviction of attempted first-degree

murder and assault with a deadly weapon with intent to kill inflicting serious injury.

Defendant has failed to show his attorney’s failure to move to dismiss was prejudicial,

or that he received ineffective assistance of counsel.

 Sergeant Rooks’ testimony was not hearsay. The trial court did not err by

allowing the testimony into evidence. There is no error in the jury’s verdicts or the

judgments entered thereon for the attempted first-degree murder and assault with a

deadly weapon with intent to kill inflicting serious injury charges. I fully concur with

the majority’s opinion in those conclusions of no error.

 The transcript and record show Defendant’s trial counsel actively engaged in

the pre-trial jury charge conference and requested an instruction on mere presence

for the conspiracy charge, which the trial court included in the final jury’s

instructions. Defendant’s counsel reviewed and affirmatively acknowledged the

applicability of the trial court’s proposed instructions. After the instructions were

given, Defendant’s counsel affirmatively accepted the instructions as given. There is

no basis for this Court to invoke plain error to review any purported prejudice in the

unobjected-to and affirmatively accepted jury instructions.

 Even were plain error review available to Defendant, as the majority’s opinion

asserts, Defendant failed to and cannot show any prejudice to be awarded a new trial

under any standard of appellate review. Overwhelming evidence of Defendant’s guilt
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

overcomes any prejudice under either preserved error or plain error review. The

majority’s opinion fails to require Defendant to demonstrate any prejudice in light of

the overwhelming evidence of her guilt and awards a new trial on the conspiracy to

commit first-degree murder charge despite this failure.

 Presuming error or even plain error, Defendant also cannot demonstrate

prejudice in the instruction on conspiracy to commit first-degree murder to set aside

the jury’s verdict, reverse the judgment entered thereon, and be awarded a new trial.

I concur in part to sustain Defendant’s other convictions and respectfully dissent in

part from awarding Defendant a new trial on the conspiracy indictment.

 I. Background

 Defendant’s counsel and the trial court engaged in the following exchange

during the charge conference:

 [Defendant’s counsel]: And Your Honor, I believe under
 conspiracy there’s mere presence. I want that to be read as
 well.

 The Court: Do you have the number for that [Pattern Jury
 Instruction]?

 [Defendant’s counsel]: No. It should be under conspiracy.
 If you read the conspiracy charge, there’s a set that says
 that, however mere presence at the crime scene, even with
 knowledge of the crime- - I have it. I’ll bring it after lunch.
 (emphasis supplied)

 The record is silent on whether Defendant’s counsel provided the trial court

with the promised draft of jury instructions on mere presence in relation to the

 2
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

conspiracy charge. Following the morning charge conference, the trial court again

met with trial counsel and read aloud the final proposed list, by the number of the

proposed pattern jury instructions, he intended to give.

 Defendant’s counsel voiced no concerns after being asked by the trial judge if

any other proposed instructions needed to be included or altered. Once the jury had

left the courtroom following their charge, the following exchange took place:

 The Court: Okay for the record, any comments, concern,
 corrections from either side for the charges?

 [Defendant’s Counsel]: No, Your Honor.

 [The State]: No, Your Honor.

 Defendant failed to object to the instruction when given to the jury to preserve

any issue for appeal. Defendant now seeks to invalidate the jury instruction on and

his conviction for conspiracy to commit first-degree murder. His counsel was actively

involved at the charge conferences, failed to object then or when instruction was given

to the jury, and failed to correct or object when given another opportunity.

Defendant’s counsel expressly consented to the jury instructions as given.

 II. Invited Error

 “[A] defendant who invites error has waived his right to all appellate review

concerning the invited error, including plain error review.” State v. Barber, 147 N.C.

App. 69, 74, 554 S.E.2d 413, 416 (2001) (emphasis supplied). North Carolina’s

statutes provide: “A defendant is not prejudiced by the granting of relief which he has

 3
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

sought or by error resulting from his own conduct.” N.C. Gen. Stat. § 15A-1443(c)

(2019).

 Here, Defendant’s counsel participated in, made recommendations, and

proposed changes to the conspiracy to commit first-degree murder jury instruction

during the charge conference. Defendant’s counsel never made additional requests

nor voiced any objection regarding the jury instructions proposed after he was

specifically asked. Defendant’s counsel also failed to object when the instructions

were given. Defendant was provided the further opportunity to object or correct the

instructions and expressly agreed to the instruction as given.

 Defendant’s failure to object during the charge conference or when the

instructions were given to the jury along with express agreement to those given

constitutes invited error and waives any right to appellate review concerning the

invited error, “including plain error review.” Barber, 147 N.C. App. at 74, 554 S.E.2d

at 416 (emphasis supplied). Defendant’s counsel’s requests and active participation

in the formulation of the final instruction during the charge conference forecloses

appellate review. Id.

 Our Supreme Court in State v. White, 349 N.C. 535, 570, 508 S.E.2d 253, 275

(1998), examined a defendant’s counsel’s involvement in jury instructions in a death

penalty case. The Court held:

 Here, defense counsel did not submit any proposed
 instructions in writing. Counsel also did not object when

 4
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

 given the opportunity either at the charge conference or
 after the charge had been given. In fact, defense counsel
 affirmatively approved the instructions during the charge
 conference. Where a defendant tells the trial court that he
 has no objection to an instruction, he will not be heard to
 complain on appeal.

Id. (citing State v. Wilkinson, 344 N.C. 198, 213, 474 S.E.2d 375, 396 (1996)).

 The majority’s opinion cites this Court’s opinion in State v. Harding, 258 N.C.

App. 306, 813 S.E.2d 254 (2018), as contrary to this holding. Presuming a conflict

exists between an opinion from this Court and one from our Supreme Court, we are

bound to follow the Supreme Court’s opinion. Mahoney v. Ronnie’s Road Service, 122

N.C. App. 150, 153, 468 S.E.2d 279, 281 (1996), aff’d per curiam, 345 N.C. 631, 481

S.E.2d 85 (1997). Defendant invited any asserted error and waived plain review. See

White, 349 N.C. at 570, 508 S.E.2d at 275.

 III. Plain Error Analysis

 Even if the notion that appellate or plain error review is not foreclosed due to

Defendant’s invited errors and is either available or proper, Defendant does not and

cannot show “that the erroneous jury instruction was a fundamental error—that the

error had a probable impact on the jury verdict” and was so prejudicial to be awarded

a new trial. State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).

 Defendant failed to meet her burden of showing her asserted error should be

reviewed for plain error. Even presuming plain error review, she cannot demonstrate

any prejudice, in light of overwhelming evidence of her guilt. The majority’s opinion

 5
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

of per se error ignores the overwhelming and uncontroverted evidence of Defendant’s

guilt and omits any analysis or conclusion of prejudice or evidence of her guilt to

award a new trial.

 Their opinion asserts, ipse dixit, the un-objected to and unpreserved plain error

had a probable impact on the jury’s finding of guilt, and de facto holds the trial court

plainly erred, which per se compels an award of a new trial. This assertion is

unprecedented and elevates an unchallenged and unpreserved plain error remedy

without an analysis of the overwhelming evidence of Defendant’s guilt or prejudice

above appellate review of preserved constitutional errors.

 Even during appellate review of preserved constitutional errors employing

harmless error review, no error is so per se prejudicial to compel a new trial without

further analysis of whether the error was harmless beyond a reasonable doubt or

prejudicial. See State v. Malachi, 371 N.C. 719, 738, 821 S.E.2d 407, 421 (2018); State

v. Veney, __ N.C. App. __, __, 817 S.E.2d 114, 118, disc. review denied, 371 N.C. 787,

821 S.E.2d 169 (2018).

 We all agree the trial court properly instructed the jury on the elements of

attempted first-degree murder. The jury properly convicted Defendant of that

offense, which we also agree was without error. The only additional element

necessary to convict Defendant of conspiracy to commit first-degree murder was that

 6
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

she entered into an agreement to do so with a co-conspirator. State v. Crowe, 188 N.C.

App. 765, 771, 656 S.E.2d 688, 693 (2008).

 The majority’s opinion agrees that: “This testimonial evidence supports that

Defendant and Carlos entered into an agreement to commit murder of Roberto.” The

majority’s opinion later correctly states: “[T]here was substantial evidence of a

conspiracy between Defendant and Carlos to commit murder of Roberto.”

 The evidence against Defendant is overwhelming to overcome any asserted

prejudice under unpreserved plain error review or even harmless error review. See

State v. Castaneda, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (“an error in

jury instructions is prejudicial and requires a new trial only if there is a reasonable

possibility that, had the error in question not been committed, a different result

would have been reached at the trial out of which the appeal arises” (emphasis

supplied) (citations and quotation marks omitted).

 The record contains explicit and unchallenged testimony, which the majority’s

opinion acknowledges, of the conspiracy between Defendant and Carlos Manzanares

and of their coordinated attack to commit the first-degree murder of Roberto. See

State v. Lamb, 342 N.C. 151, 463 S.E.2d 189 (1995). Defendant demonstrated no

prejudice in her conspiracy conviction.

 A. State v. Tucker

 7
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

 The majority’s opinion does not complete a prejudice analysis, holding “[t]his

type of error has long been held to be plain error by our Supreme Court.” In support

of this assertion, the majority’s opinion cites State v. Tucker, 317 N.C. 532, 540, 346

S.E.2d 417, 422 (1986). Even if their assertion of error is presumed, our Supreme

Court in Tucker conducted a prejudice analysis of the probable impact of the “plain

error” upon the jury’s verdict, holding: “In light of the highly conflicting evidence in

the instant kidnapping case on the unlawful removal and restraint issues, we think

the instructional error might have . . . tilted the scales and caused the jury to reach

its verdict convicting the defendant.” Id. (quotations omitted).

 Unlike in Tucker, the uncontroverted evidence of Defendant’s guilt is more

than enough to overcome any asserted prejudice, even under the notion that the

purported error was not invited and plain error review is available and proper. See

id. Tucker does not support awarding Defendant a new trial on the conspiracy charge.

 B. State v. Pringle

 The majority’s opinion cites State v. Pringle and states the “instruction was not

‘in accord,’ with both the indictment and evidence presented at trial, and thus the

trial court’s instruction was error.” State v. Pringle, 204 N.C. App. 562, 566-67, 694

S.E.2d 505, 508 (2010). In Pringle, the indictment alleged the defendant had

“conspired with ‘Jimon Dollard and another unidentified male’ and the trial court

instructed the jury that it could find defendant guilty of conspiracy if the jury found

 8
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

defendant conspired with ‘at least one other person.’ ” Pringle, 204 N.C. App. at 567,

694 S.E.2d at 508.

 The evidence at trial in Pringle tended to show the “defendant and two other

men entered into a conspiracy to commit robbery with a dangerous weapon. One of

the other men was specifically identified by the testifying officers as ‘Jimon Dollard,’

the second suspect arrested by officers after they pursued the three men seen robbing

the gas station. The third man evaded capture and was never identified.” Id.

 The ultimate conclusion this Court reached in Pringle was that the defendant

had not demonstrated any reversible prejudice and there was no error in the trial

court’s instruction or the jury’s conviction. Id. “[The] instruction was in accord with

the material allegations in the indictment and the evidence presented at trial.

Consequently, we find no error, much less plain error, in the trial court’s instruction.”

Id. Pringle does not support awarding Defendant a new trial on the conspiracy

charge.

 C. State v. Lawrence

 The proper legal conclusion in this case, presuming plain error review is

available and proper, mirrors the analysis our Supreme Court conducted in State v.

Lawrence:

 In light of the overwhelming and uncontroverted evidence,
 defendant cannot show that, absent the error, the jury
 probably would have returned a different verdict. Thus, he
 cannot show the prejudicial effect necessary to establish

 9
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

 that the error was a fundamental error. In addition, the
 error in no way seriously affects the fairness, integrity, or
 public reputation of judicial proceedings.

Lawrence, 365 N.C. at 519, 723 S.E.2d at 335 (emphasis supplied).

 Defendant’s conspiracy conviction under any legitimate analysis is properly

left undisturbed. In the cases of Lawrence, Tucker, and Pringle, our Supreme Court

and this Court conducted analyses of the probable impact of the asserted error on the

jury’s verdict, and the other “overwhelming and uncontroverted evidence” of guilt, a

prejudice analysis that is wholly omitted by the majority’s opinion. Lawrence, 365

N.C. at 519, 723 S.E.2d at 335; see also Tucker, 317 N.C. at 540, 346 S.E.2d at 422,

Pringle, 204 N.C. App. at 567, 694 S.E.2d at 508.

 The properly admitted and unchallenged evidence against Defendant is

“overwhelming and uncontroverted” to overcome any asserted and unpreserved

prejudice under plain error, or even harmless error review. Lawrence, 365 N.C. at

519. The majority’s opinion errs by disregarding long established and binding

Supreme Court precedents as well as this Court’s procedures to reach its conclusion,

without any analysis weighing the considerable evidence of Defendant’s guilt against

any probable impact of plain error on the jury’s verdict. The majority’s opinion cites

no precedent to award a new trial in the absence of prejudice. The only rational and

legitimate conclusion from this absence of authority is none exists.

 IV. Conclusion

 10
 STATE V. CHAVEZ

 Tyson, J., concurring in part and dissenting in part

 Defendant received a fair trial, free from prejudicial errors she preserved and

argued on all convictions. I concur with the majority’s opinion to find no error in

Defendant’s attempted first-degree murder and assault with a deadly weapon with

intent to kill inflicting serious injury convictions.

 Defendant is not entitled to a new trial on conspiracy to commit first-degree

murder. Any purported error was invited and waived. White, 349 N.C. at 570, 508

S.E.2d at 275. Even if Defendant did not invite the error, Defendant wholly failed

and cannot carry her burden to show any prejudice under the standard of review of

plain error to warrant a new trial.

 “[O]verwhelming and uncontroverted evidence” of Defendant’s guilt exists in

the record to overcome any asserted prejudice. Lawrence, 365 N.C. at 519. Defendant

failed to show plain error in the jury’s verdict of conspiracy to commit first-degree

murder or in the judgment entered thereon.

 Presuming plain error analysis is appropriate here, there is no showing by

Defendant or analysis by the majority of prejudice to award a new trial. The evidence

of her guilt is overwhelming. Lawrence, 365 N.C. at 519, 723 S.E.2d at 335; see also

Tucker, 317 N.C. at 540, 346 S.E.2d at 422, Pringle, 204 N.C. App. at 567, 694 S.E.2d

at 508. There is no error in the jury’s verdicts and the judgment entered thereon. I

respectfully dissent from awarding a new trial to Defendant for conspiracy to commit

first-degree murder under plain error review.

 11